

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-1994

# Air Products and Chem., Inc. v. Hartford Acc. & Indem. Co., et al.

Precedential or Non-Precedential:

Docket 91-1681

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

## Recommended Citation

"Air Products and Chem., Inc. v. Hartford Acc. & Indem. Co., et al." (1994). *1994 Decisions.* Paper 30.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/30

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NOS. 91-1681 and 91-1682


AIR PRODUCTS AND CHEMICALS, INC.,
Plaintiff

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY; and
LIBERTY MUTUAL INSURANCE COMPANY; and
AETNA CASUALTY AND SURETY COMPANY,
Defendants

v.

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA.; and
THE TRAVELERS INSURANCE COMPANY,
Third-Party Defendants

v.

AIR PRODUCTS & CHEMICALS, INC.,
Third-Party Defendant


AETNA CASUALTY AND SURETY COMPANY,
Appellant No. 91-1681

HARTFORD ACCIDENT & INDEMNITY COMPANY,
Appellant No. 91-1682


Appeals from the United States District Court
for the Eastern District of Pennsylvania
D. C. Civil No. 86-7501


Argued January 24, 1994

Before: MANSMANN, NYGAARD, and SEITZ, Circuit Judges.

Filed: May 31, 1994

                Valerie J. Munson (Argued)
Daniel W. Cantú-Hertzler
MILLER DUNHAM DOERING & MUNSON, P.C.
1515 Market Street, 13th Floor
Philadelphia, PA  19102
    Attorneys for Appellant
    Aetna Casualty & Surety Co.

George W. Mayo, Jr. (Argued)
Teresa C. Plotkin
Jonathan T. Rees
HOGAN & HARTSON
555 Thirteenth Street, N.W.
Washington, DC  20004-1109

John M. Fitzpatrick
DILWORTH, PAXSON, KALISH & KAUFFMAN
1735 Market Street
3200 Mellon Bank Center
Philadelphia, PA 19103
    Attorneys for Appellant
    Hartford Accident & Indemnity Co.

Sherry W. Gilbert (Argued)
Anthony F. King
HOWREY & SIMON
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004

Stephen S. Ferrara
Richard H. Albert
LAW DEPARTMENT, AIR PRODUCTS & CHEMICALS, INC.
P. O. Box 538, 7201 Hamilton Boulevard
Allentown, PA 18195
    Attorneys for Appellee
    Air Products & Chemicals, Inc.

_____

**OPINION OF THE COURT**

SEITZ, <u>Circuit Judge</u>.

These appeals principally involve the duty of two insurance carriers under Pennsylvania law to defend their insured in numerous actions instituted against it.  The carriers contend

that the claims asserted against their insured could not have arisen during the periods of their policy coverage. Additionally, if such duties to defend are found, they assert that the proper allocation of defense and indemnity costs must be addressed.

The district court had diversity jurisdiction, while we have jurisdiction over partial summary judgment orders made final by certification under Fed. R. Civ. P. 54(b). Our standard of review is plenary. The parties agree that Pennsylvania law controls.

## I. ACTION AGAINST AETNA

Air Products & Chemicals, Inc. ("Air Products") instituted this declaratory judgment action against, inter alia, appellant Aetna Casualty & Surety Company ("Aetna"), which provided it with coverage from May 16, 1951 to June 8, 1953. Air Products sought a determination that Aetna breached a duty that it owed to defend and indemnify it' in numerous underlying civil actions pending against it, thus requiring Air Products to take up its own defenses. The plaintiffs in these underlying actions alleged injuries as a result of their exposure at their workplaces to fumes and gases emitted from welding rod material sold to their employers by numerous defendants, including Air Products.

The parties here filed cross-motions for partial summary judgment. The district court granted Air Products'

---

'Air Products' declaratory action sought reimbursement for defense costs and expenses incurred in the underlying suits through September 30, 1989.

motion on the ground that Aetna had breached a duty to defend it[2] in the underlying actions for injuries incurred during the period of Aetna's coverage.  The district court denied Aetna's cross-motion.  Aetna appeals.

Generally speaking, under Pennsylvania law, the issuer of a general liability insurance policy has a duty to defend its insured when the allegations in the complaint against it could potentially fall within the coverage of the policy.  Gedeon v. State Farm Mut. Auto. Ins. Co., 188 A.2d 320, 321-22 (Pa. 1963); see Cadwallader v. New Amsterdam Cas. Co., 152 A.2d 484, 488 (Pa. 1959); Wilson v. Maryland Cas. Co., 105 A.2d 304, 307 (Pa. 1954). The district court applied that rule in finding for Air Products.

The resolution of this dispute first requires us to examine the pertinent allegations of a typical complaint in one of the underlying actions to determine whether it could potentially fall within the coverage of Aetna's policy.  We turn to such allegations:

> The Defendants, [including Air Products]
> during all the times herein mentioned and for

---

[2]Aetna's policy provided in pertinent part:

> II.  Defense, Settlement, Supplementary
>      Payments
> As respects the insurance afforded by the
> other terms of this Policy the Company shall:
>     (a) defend any suit against the Insured
> alleging such injury, sickness, disease or
> destruction and seeking damages on account
> thereof, even if such suit is groundless,
> false or fraudulent; but the Company may make
> such investigation, negotiation and
> settlement of any claim or suit as it deems
> expedient . . . .

> a long time prior thereto, have been and now are engaged in the manufacture of materials used for, insulation containing asbestos and/or welding rods, that the products manufactured, compounded, and prepared by Defendants, acting through their servants, employees, representatives and agents were and are placed on the market to be purchased and used by the public.
> . . . .
>
> <u>The Plaintiff says that during the years 1951 to 1984, inclusive, he was employed as a welder, and that in the performance of his duties as a welder, he was required to handle large quantities of the products manufactured and distributed by the above-named Defendants. That in addition to the fact that Plaintiff actually used the product manufactured by the above-named Defendants,</u> [including Air Products] and many more, as a welder, and specifically many and various products containing asbestos, the Plaintiff says that on many of the jobs, while not using himself the specific products manufactured by the Defendants, he was nevertheless exposed to the dangerous materials and especially those dust, fibers, fumes, and particulates, which were used by other workers in the same area at which Plaintiff was working.
> [Emphasis added]

Air Products says, as the district court concluded, that the quoted allegations of the underlying complaint can be read to charge that the plaintiff was injured as a result of exposure to welding rod materials supplied, <u>inter alia</u>, by Air Products during the 1951 to 1984 period. This, of course, included the period of Aetna's coverage. Aetna responds in its brief that the "allegations [in the underlying complaint] do not

establish coverage, although neither do they expressly rule it out."  Aetna Brief at 28.

Given Aetna's own quoted response and the allegations of the underlying complaint, the duty to defend provision of the policy could have been triggered under Gedeon because the welding rod material could have been sold by Air Products to the employer in the underlying action during the covered period.  But Aetna argues that the summary judgment record shows that Air Products sold no welding rod material to any underlying employer during the period of Aetna's coverage and thus summary judgment should have been granted it on that ground.

It is apparent that in seeking summary judgment Aetna was asking the district court to go beyond the face of the underlying complaint to decide Aetna's initial duty to defend. This the district court was not free to do unless this case triggered cases outside the general Pennsylvania rule.  Aetna says that this is such a case.

Aetna cites various cases that permit use of evidence to determine whether the duty to defend has been triggered. Thus, Aetna says that evidence of the absence of sale of welding rods by Air Products to underlying employers should be useable to show that it could not have been Air Products' welding rod materials that caused the injury to the plaintiffs.  We acknowledge that the New York federal district court case on which Aetna relies most heavily seems to support its position. *See Avondale Indus. v. Travelers Indem. Co.*, 774 F. Supp. 1416, 1426 (S.D.N.Y. 1991) (admitting evidence in an "unusual posture and [procedural]

context" under Louisiana law).  However, our case is controlled by Pennsylvania law and we reconcile the Commonwealth's lines of cases differently.

Aetna then cites a line of Pennsylvania cases dealing with policy exclusions.[3]  In these suits, the allegations of the underlying complaints clearly fall within policy exclusions. Because the claims do not potentially trigger coverage under the policy, there is no duty to defend.  *See, e.g.*, *Germantown Ins. Co. v. Martin*, 595 A.2d 1172 (Pa. Super. Ct. 1991), *alloc. denied*, 612 A.2d 985 (Pa. 1992) (denying defense when the allegations in the complaint of intentional gunshots clearly fell within the policy's exclusion of "expected or intended" damage). Extrinsic evidence is not required to resolve these disputes. However, when the allegations may or may not fall within the exclusion (and therefore the coverage), the insurer is required to defend.  *Safeguard Scientifics, Inc. v. Liberty Mut. Ins. Co.*, 766 F. Supp. 324 (E.D. Pa. 1991), *aff'd in part without op.*, 961 F.2d 209 (3d Cir. 1992) (table).

Next, there is a subset of exclusion cases that concerns exceptions to exclusions.  This is the group of cases that permits extrinsic evidence to resolve the duty to defend. The burden is on the *insured*, not the *insurer*, to introduce evidence to show that the exclusion which appears to be triggered

_____

[3]We include in this category cases that construe policy provisions as incapable of covering the conduct alleged.  *See, e.g., Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987) (holding that a policy insuring "use and operation" of an automobile cannot be triggered by a 3-year-old, who cannot "use" an automobile as a matter of law).

does not apply after all. *See,* Northern Ins. Co. v. Aardvark Assocs., 942 F.2d 189 (3d Cir. 1991) (predicting that the Pennsylvania Supreme Court would adopt the reasoning of Lower Paxon Township v. United States Fidelity & Guaranty Co., 557 A.2d 393, 403 (Pa. Super. Ct. 1989) that held the insured had the burden of proving the allegations in the complaint fell within a "sudden and accidental" exception to a pollution exclusion); Fischer & Porter Co. v. Liberty Mut. Ins. Co., 656 F.Supp. 132, 140 (E.D. Pa. 1986) (insured has burden to prove "sudden and accidental" exception). If the insured is successful in demonstrating that coverage is not necessarily excluded by the facts averred in the complaint, the insurer is required to defend the underlying suit.

We recognize that the rule permitting the introduction of evidence to show that an exception to an exclusion applies, while disallowing evidence to show that an exclusion applies appears to be one-sided. This construction against the insurer and in favor of the insured, however, is consistent with general insurance law principles and, in particular, the Pennsylvania rule that requires only a "potential" of coverage of the allegations in the complaint for the duty to defend to be triggered.

We conclude that the cases cited by Aetna do not take this case outside the general Pennsylvania duty to defend rule. On that premise we agree with the district court that Aetna had a duty to defend.

## II. ACTION AGAINST HARTFORD

Air Products also instituted a diversity action under Pennsylvania law seeking a declaratory judgment against Hartford Accident and Indemnity Company ("Hartford"). Hartford was its insurer from June 1, 1953 to September 30, 1972. Air Products sought a declaration that Hartford breached its duty to defend it in underlying actions based on employee exposure to Air Products' welding rods during the period of its coverage.

Hartford essentially takes the same position as Aetna on the duty to defend issue. As we said in that case, Aetna's position is contrary to Pennsylvania law covering the duty to defend here. If Pennsylvania law is to be changed, it must be for the Supreme Court of Pennsylvania to do so. Again, we affirm the district court on this claim.

### III. INDEMNITY

The judgment awarded Air Products against Hartford included a sum to indemnify Air Products for amounts it paid to settle underlying actions. Hartford seems to argue that even if it had a duty to defend, as we have found, any obligation to indemnify was negated by the summary judgment record. The short answer is that on this record the district court found there was an issue of material fact and thus properly denied summary judgment.

The position of Aetna on the indemnification issue is far from pellucid. It is not clear why it is entitled to advance this issue here when the judgment appealed contains no obligation on Aetna's part to indemnify Air Products. In any event, if its argument is based on some protective basis or otherwise, the

answer here is that there is no basis on the record before us to modify the judgment unless it impacts on the judgment.

### IV. APPORTIONMENT OF DEFENSE AND INDEMNITY COSTS

Because two policies were triggered by the pre-1962 welding rod claims, allocation of the defense and indemnity costs had to be determined. The district court relied on the decision of the Philadelphia Court of Common Pleas in *J.H. France Refractories Co.v. Allstate Ins. Co.*, No. 3933 (Phila. Ct. C.P. Apr. 18, 1986) ("*France I*")[4] for its determination. It stated that *France I* "constitute[d] the best statement of Pennsylvania law concerning the designation of a triggered policy for coverage in a particular underlying action . . . ." *Air Prods.*, 707 F. Supp. at 769.

The district court adopted the "chronological and seriatim" method of allocation discussed in *France I*. Under this method, the first policy triggered must defend and indemnify the insured until the policy limit is reached. The next-in-time policy is then obligated, and so forth until the policies are exhausted or until the insured is fully reimbursed.

The Supreme Court of Pennsylvania overruled the chronological and seriatim method of allocation in its decision in *J.H. France Refractories Co. v. Allstate Ins. Co.* ("*France III*"), 626 A.2d 502 (Pa. 1993), *rev'g* 578 A.2d 468 (Pa. Super. 1990) ("*France II*"). Under *France III*, as the allocation applies

---

[4]*Vacated on jurisdictional grounds*, 539 A.2d 1345 (Pa. Super. 1988), *rev'd*, 555 A.2d 797 (Pa. 1989), *on remand*, 578 A.2d 468 (Pa. Super. 1990) ("*France II*"), *aff'd in part, rev'd in part*, 626 A.2d 502 (Pa. 1993) ("*France III*").

to the duty to *indemnify*, if more than one policy is triggered, the *insured* "should be free to select the policy or policies under which it is to be indemnified." *Id*. at 508. When the policy limits of the chosen policy are exhausted, then the insured is entitled to choose again from the triggered policies and continue to do so until fully indemnified for the claims. In regard to the allocation of the liability associated with the duty to *defend*, the Supreme Court held that the *insurers* have the right to select which of the insurers will undertake a defense. If the insurers cannot decide, then the *insured* may designate which insurer it wishes to have defend the claims. *Id*. at 510.

Hartford and Aetna argue that this case should be remanded to the district court for reconsideration in light of the intervening Pennsylvania Supreme Court decision in *France III*. We agree that a federal court exercising diversity jurisdiction is bound to follow the law as decided by the highest court of the state even if it has changed during the pendency of the federal action. *Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 543 (1941). The district court's order allocating costs relied on a statement of Pennsylvania law that has since been overruled by an intervening decision of the Supreme Court of Pennsylvania. The pertinent provisions of the district court's order will be vacated and the case remanded so that the district court can reconsider its order in light of *France III*.

V. CONCLUSION

The order of the district court will be affirmed to the extent that it finds that Hartford and Aetna had a duty to

defend. The order of the district court will be vacated and remanded to the district court to the extent it apportions defense costs and, if appropriate, indemnity costs so that they may be determined in accordance with France III.