**NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**FERYO HEARING AID SERVICE, INC. and Joyce V. Schwartz, Defendants.**

No. 95–CV–0225.

United States District Court, E.D. Pennsylvania.

Aug. 3, 1995.

Frederick C. Fletcher, II, William C. Salzer, Swartz, Campbell & Detweiler, Philadelphia, PA, for plaintiff.

Hudson L. Voltz, West Chester, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Before us today is the motion for summary judgment filed by the plaintiff, Nationwide Property and Casualty Insurance Company ("Nationwide"), in this declaratory judgment action. Nationwide seeks a declaration that it is under no duty to indemnify or defend Defendant Feryo Hearing Aid Service, Inc. ("Feryo") in a suit that is currently pending in the Philadelphia County Court of Common Pleas. For the reasons that follow, the motion for summary judgment will be granted.

### I. BACKGROUND

The undisputed facts in this case are as follows. Nationwide issued a commercial general liability policy ("the policy") to Feryo covering the period from December 15, 1991 to December 15, 1992. In January of 1994, Joyce Schwartz, a former Feryo employee, filed a wrongful termination suit against Feryo in the Philadelphia County Court of Common Pleas ("the Schwartz suit"), alleging that she had been fired on August 17, 1992, in retaliation for her intention to report Feryo's allegedly unlawful business activities to state and federal authorities. In her complaint, Ms. Schwartz alleged that "as a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant corporation, acting as aforesaid, Plaintiff has suffered severe emotional and psychological distress, discomfort, embarrassment, injury, pain and suffering." On January 13, 1995, Nationwide filed a complaint in this Court pursuant to our diversity jurisdiction seeking a declaration that it is under no duty to defend or indemnify Feryo in the Schwartz suit. After Feryo submitted an answer to the complaint, Nationwide filed this summary judgment motion, arguing that the Schwartz suit does not trigger its contractual duty to defend or indemnify Feryo.

The provisions of the policy at issue read as follows:

We [Nationwide] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" ... to which this insurance applies. We will have the right and the duty to defend any "suit" seeking those damages.... This insurance applies to "bodily injury" ... only if the "bodily injury" ... is caused by an "occurrence" that takes place in the "coverage territory."

"Bodily injury" is defined in the policy as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." An "occurrence" under the policy is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

## II. DISCUSSION

### A. Summary Judgment Standard

 This Court is authorized to award summary judgment "if the pleadings, depositions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, the Court's responsibility is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. at 2510). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). Boiled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12. In this case, the material facts are not in dispute; we are called upon to interpret the terms of an insurance policy, which raises questions of law for our determination. *Pacific Indem. Co. v. Linn*, 766 F.2d 754, 760 (3d Cir.1985). As a result, we consider here whether Nationwide is entitled to judgment as a matter of law.

### B. Duty to Indemnify

 Our initial task in fixing the extent of Nationwide's liability is to determine if Ms. Schwartz's claims arise from an "occurrence." In interpreting policies that define "occurrence" in manner similar to the instant policy, courts applying Pennsylvania law have held that intentional acts do not amount to "occurrences" because they are not accidental in nature. *See Kline v. Kemper Group*, 826 F.Supp. 123, 128–29 (M.D.Pa.

1993) (An "occurrence" is "harm brought about by negligent or reckless conduct, but not by an intentional act on the part of the insured."), *aff'd without op.*, 22 F.3d 301 (3d Cir.1994); *Gene's Restaurant, Inc. v. Nationwide Ins. Co.*, 519 Pa. 306, 548 A.2d 246, 247 (1988) (holding that "occurrence" as defined in the policy does not include willful and malicious assault by insured). Moreover, Pennsylvania courts have held that an act is intentional if the " 'actor desired to cause the consequences of his act or if he acted knowing that such consequences were substantially certain to result.' " *United Servs. Auto. Ass'n v. Elitzky*, 358 Pa.Super. 362, 517 A.2d 982, 989 (1986) (citing *Nationwide Mut. Ins. Co. v. Hassinger*, 325 Pa.Super. 484, 493, 473 A.2d 171, 175 (1984)), *appeal denied*, 515 Pa. 601, 528 A.2d 957 (1987). Obviously, Feryo's discharge of Ms. Schwartz can only be interpreted as an intentional act, and therefore it cannot be deemed an "occurrence" for purposes of triggering Nationwide's contractual duty to indemnify.

Although Feryo appears to concede that the termination of employment is not an "occurrence" under the policy, it nevertheless contends that it is covered because Ms. Schwartz's claims of emotional and psychological injury constitute "bodily injury," thereby triggering Nationwide's duty. This argument is flawed in two respects. First, as the *Kline* court has recognized, "[t]he Pennsylvania courts have soundly rejected the contention that policy definitions of injury or bodily injury encompass mental or emotional harm." *Kline*, 826 F.Supp. at 129; *United States Fidelity & Guaranty Co. v. Korman Corp.*, 693 F.Supp. 253, 259 (E.D.Pa. 1988). Second, even if "bodily injury" were interpreted to include emotional and psychological distress, it still must result from an "occurrence." Since we have determined that Feryo's discharge of Ms. Schwartz was an intentional act and therefore not an "occurrence," we must conclude that Nationwide is under no duty to indemnify Feryo.

 Feryo argues in the alternative that since Ms. Schwartz asserts that she suffered "discomfort, injury, pain and suffering" as a result of Feryo's alleged retaliation against her, Nationwide's motion for sum-

mary judgment should be denied so that further discovery may be had to determine the extent and nature of Ms. Schwartz's injuries. However, this Court may only consider the allegations in the complaint in determining coverage under the policy. *Pacific Indem.,* 766 F.2d at 760. Nowhere in her complaint does Ms. Schwartz allege that she suffered physical retaliation, nor does it reasonably follow that she would suffer bodily injury from her termination. Moreover, Feryo's speculation about potential claims or possible evidence are not enough to withstand Nationwide's motion for summary judgment. *See Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2510 (requiring a non-moving party to show "more than a mere scintilla of evidence in its favor" to overcome a summary judgment motion). Therefore, we find that none of the allegations in the complaint trigger Nationwide's duty to indemnify Feryo in the Schwartz suit.

### C. *Duty to Defend*

We likewise conclude that Nationwide is under no duty to defend Feryo. The issuer of a general liability insurance policy has a duty to defend its insured when the claim could potentially fall within the coverage of the policy. *Air Prods. & Chems., Inc. v. Hartford Accident & Indem. Co.,* 25 F.3d 177, 179 (3d Cir.1994). In determining an insurer's duty to defend an insured, a court examines the allegations made against the insured in the complaint. *Id.* Since we have determined that Ms. Schwartz's claims do not fall within the coverage afforded by the policy, we must conclude that Nationwide has no duty to defend Feryo in the Schwartz suit.

### III. *CONCLUSION*

For the above-stated reasons, Nationwide's motion for summary judgment will be granted. An appropriate order follows.

### *ORDER*

AND NOW, this 3rd day of August, 1995, upon consideration of Plaintiff's Motion for Summary Judgment pursuant to Fed. R.Civ.P. 56, and the response thereto, it is hereby ORDERED, for the reasons set forth in the preceding memorandum, that said mo-

tion is GRANTED. Plaintiff is under no duty to defend or indemnify Defendant Feryo Hearing Aid Service, Inc. in the underlying suit referenced in the attached Memorandum.