# Brandt v. United States Liability Insurance Group

C.P. of Lancaster County, no. CI-03-05721.

*Thomas G. Klingensmith,* for plaintiffs.
*Eric R. Brown,* for defendant.

PEREZOUS, *J.,* January 10, 2005—Presently before the court is a motion for summary judgment filed by the defendant, United States Liability Insurance Group, seeking a declaratory judgment against plaintiffs, Dennis Brandt, Re/Max Cornerstone and Joleen Corporation. Defendant contends that it is entitled to summary judgment on the grounds that it owes neither a duty to defend nor indemnify plaintiffs in an underlying lawsuit based upon the plain language of the U.S. Liability Real Estate Agents Errors and Omissions Liability Policy issued by defendant. The plaintiffs, however, contend that the exclusion contained in the policy does not apply and the defendant should provide coverage and defense, or, in the alternative, provide defense of the suit. For the following reasons, this court grants the defendant's motion for summary judgment.

The plaintiffs in the underlying action, Parke Rineer and April Rineer, allege that they purchased a home from Clarke Berrier and Karen Berrier. It is alleged that the listing real estate broker for these homeowners was Re/Max Cornerstone, which is owned by Joleen Corporation. In addition, it is alleged that Dennis Brandt was the real estate agent employed by Re/Max. The Rineers claim that, prior to the time they occupied the premises, the soil, well water, and ground water had been contaminated with home heating oil from an underground heating oil storage tank that had been removed from the premises prior to its sale to them.

The complaint in the underlying action contains five counts against Dennis Brandt and/or Re/Max Cornerstone and Joleen Corporation: (1) Count IV, negligence against Dennis Brandt; (2) Count V, negligent misrepresentation against Dennis Brandt; (3) Count VI, fraud against Dennis Brandt; (4) Count VII, respondeat superior against Re/Max and Joleen; and (5) Count XI, violations of the Consumer Protection Law. In Counts IV and V, it is alleged that Dennis Brandt, acting in the capacity of the seller's agent, had actual knowledge that the premises were contaminated and knew that a petroleum odor was emanating from the premises, including the tap water. Count VI contains identical averments, but adds that the Berriers and Brandt intentionally concealed the defects at the premises and that Brandt allowed the Berriers to make knowingly false statements concerning the premises. Count VII alleges that Re/Max and Joleen are liable for the acts of Brandt under the doctrine of respondeat superior. Count XI alleges that the defendants engaged in unfair and deceptive acts and practices in violation of the Unfair Trade Practices and Consumer Protection Law by knowingly failing to disclose matters pertaining to the contamination of the premises, including the water supply.

Consequently, plaintiffs filed a declaratory judgment action seeking a determination of the parties' respective rights and responsibilities under the policy issued by defendant. In response, defendant filed its answer, new matter and counterclaim to the plaintiffs' complaint. The plaintiffs contend that the defendant is obligated to defend and/or indemnify them in the underlying lawsuit. The defendant, however, avers that an exclusion contained within the policy does not require any defense or

indemnification of the plaintiffs in the underlying lawsuit.

Under a section entitled "Exclusions," the policy states:

"(C) Contaminants, Pollutants, Hazardous Materials, Irritants, Toxic Substances, Pathological Conditions Exclusion

"This policy does not apply to, and the company will not defend or pay for, any claim, damages, claims expenses, loss, cost or expense arising out of, directly or indirectly resulting from, caused by, based upon, in any way involving, or in any way related to either:

"(1) (a) The actual or alleged presence or absence in, on, under or otherwise connected to real estate, of or

"(b) Any actual or alleged personal injury arising out of

"contaminants, pollutants, hazardous materials, irritants, or pathological conditions, including, but not limited to smoke, vapors, soot, fumes, acids, salt, alkalis, toxic chemicals, liquids or gasses, waste materials, lead, lead compounds, materials containing lead, other metals, radon, asbestos, urea formaldehyde, bacterial or microbial contamination or electromagnetic radiation;

"(2) The proximity of real estate to any landfill, surface impoundment, incinerator or site polluted or contaminated with contaminants, pollutants, hazardous materials, irritants or pathological conditions set forth in paragraph 1 above;

"(3) The abatement, mitigation, neutralization, removal or disposal of any of the contaminants, pollutants, irritants or other pathological conditions set forth in paragraphs 1 and 2 above; or

"(4) Any supervision, instruction, recommendation, warnings, advice, written reports or assurances given or which should have been given in connection with paragraphs 1, 2 and 3 above.

"(5) Any obligation to share damages with or repay someone else who must pay damages because of any claim, damages, claims expenses, loss, cost or expense as described in paragraphs 1 through 4 above." Exhibit "A" to exhibit "1," section VIII.C. (emphasis omitted)

Claiming that this language does not require the defendant to indemnify the plaintiffs or defend the lawsuit, the defendant filed its motion for summary judgment.

First, it is proper for this court to declare that defendant does not have a duty to defend or indemnify plaintiffs in the underlying action. Declaratory judgments are expressly authorized in Pennsylvania by the Declaratory Judgments Act, and are available to obtain a declaration of existing legal rights and duties if such a declaration will aid in the determination of a genuine, justiciable controversy. 42 Pa.C.S. §§7531-7541; *Warner v. Continental/CNA Insurance Cos.,* 455 Pa. Super. 295, 301, 688 A.2d 177, 180 (1996). When addressing declaratory judgments, courts must follow the practice and procedure of the Pennsylvania Rules of Civil Procedure. Pa.R.C.P. 1601(a). Whether a court should exercise jurisdiction over a declaratory judgment is a matter of discretion. *American Nuclear Insurers v. Metropolitan Edison Co.,* 399 Pa. Super. 375, 379, 582 A.2d 390, 392 (1990); *Presbyterian-University of Pennsylvania Medical Center v. Keystone Insurance Co.,* 251 Pa. Super. 71, 73, 380 A.2d 381, 382 (1977). A court has jurisdiction to issue a declaratory judgment that interprets

the obligations of parties under an insurance contract, including questions of whether an insurer has a duty to defend and/or indemnify a party under the terms of the policy. *General Accident Insurance Co. of America v. Allen,* 547 Pa. 693, 706, 692 A.2d 1089, 1095 (1997).

Additionally, a court shall not entertain a declaratory judgment action where another proceeding is pending in another court to which all the same parties are named and in which all the same issues may be adequately adjudicated. *Parker v. Commonwealth, Department of Labor and Industry,* 115 Pa. Commw. 93, 107-108, 540 A.2d 313, 322 (1988). Finally, a court may refuse to enter a declaratory judgment where the judgment will not terminate the uncertainty or controversy giving rise to the proceeding. 42 Pa.C.S. §§7536-7537. In the present matter, a declaratory judgment is appropriate because it will terminate any question as to whether defendant has a duty to defend and/or indemnify the plaintiffs in the underlying lawsuit.

Second, it is well settled in this Commonwealth that summary judgment is proper only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2. Under the Pennsylvania Rules of Civil Procedure there are two situations in which a summary judgment motion is permissible:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) Whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) If, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(a).

Generally, the moving party has the burden of proving that no genuine issue of material fact exists. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 99, 674 A.2d 1038, 1041 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996). In determining whether summary judgment is appropriate, the court must review the evidentiary record in a light most favorable to the non-moving party, and that party will be given all reasonable inferences created by that evidence. *Bethlehem Steel Corp. v. MATX Inc.,* 703 A.2d 39, 41 (Pa. Super. 1997). In other words, any doubt must be resolved against the party seeking summary judgment, and it should only be granted in cases that are free and clear of doubt. *Davis v. Pennzoil Company,* 438 Pa. 194, 202, 264 A.2d 597, 601 (1970).

When a court interprets an insurance contract, however, case law modifies normal standards of review for summary judgment. The proper construction of insurance policies is a matter of law. *Vale Chemical Co. v. Hartford Accident and Indemnity Co.,* 340 Pa. Super. 510, 516 n.4, 490 A.2d 896, 899 n.4 (1985), *rev'd on other grounds,* 512 Pa. 290, 516 A.24 684 (1986). Hence, questions concerning any limitation of coverage under an

insurance policy can be disposed of on a motion for summary judgment as long as there are no issues of material fact. *Burne v. Franklin Life Insurance Co.,* 451 Pa. 218, 301 A.2d 799 (1973). When addressing a policy under a motion for summary judgment, a court will give effect to clear and unambiguous language in an insurance contract and uphold the plain meaning of an explicit exclusion from coverage. *Huffman v. Aetna Life and Casualty Co.,* 337 Pa. Super. 274, 282, 486 A.2d 1330, 1334 (1984). However, if the terms of a policy are ambiguous, a court cannot grant summary judgment. *Id.; Horowitz v. American Casualty Co. of Reading,* 277 Pa. Super. 61, 63, 419 A.2d 660, 661 (1980).

The Pennsylvania Supreme Court has set forth the well-settled standard to be followed in the interpretation of an insurance policy:

"The task of interpreting a contract is generally performed by a court rather than by a jury. . . . The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument. . . . Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. . . . Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." *Standard Venetian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 304-305, 469 A.2d 563, 566 (1983). (citations omitted)

Contractual terms are ambiguous "if they are subject to more than one reasonable interpretation when applied to a particular set of facts." *Madison Construction Co. v. Harleysville Mutual Insurance Co.,* 557 Pa. 595, 606, 735 A.2d 100, 106 (1999). In determining whether the

terms are ambiguous, the court cannot distort the plain meaning of the words found in the agreement. *Id.* Any true ambiguities, however, must be construed against the insurer and in favor of the insured. *St. Paul Fire & Marine Ins. Co. v. Lewis,* 935 F.2d 1428, 1431 (3d Cir. 1991).

Furthermore, in assessing whether an insurer has a duty to defend its insured, the court must first look to the complaint filed against the insured. *D'Auria v. Zurich Insurance Co.,* 352 Pa. Super. 231, 234, 507 A.2d 857, 859 (1986). In determining whether an insurer has a duty to defend those insured under a policy, the Pennsylvania Superior Court stated "[t]he duty to defend is limited only to those claims covered by the policy. . . . Thus, the insurer owes a duty to defend if the complaint against the insured alleges facts which would bring the claim within the policy's coverage if they were true." *Id.* at 235, 507 A.2d at 859. (citations omitted) (emphasis omitted) Thus, unlike the focus of a normal motion for summary judgment, the appropriate question here is not whether there is a genuine issue of material fact. Instead, the court must determine whether the policy covers the damages claimed as if all the alleged facts were true. If the claimed damages are not covered by the policy, the defendant is entitled to summary judgment and a declaration that they have no duty to defend or indemnify plaintiffs.

When there are multiple claims, moreover, for at least one of which there is potential coverage, the insurer must defend all claims "until facts sufficient to confine the claims to liability not within the scope of the policy become known to the insurer." *Lucker Mfg. v. Home Ins. Co.,* 23 F.3d 808, 813 (3d Cir. 1994). Thus, if an insurer initially has a duty to defend with respect to any aspect

of the lawsuit, the insurer has a duty to defend with respect to every aspect of the lawsuit. *C. Raymond Davis & Sons Inc. v. Liberty Mut. Ins. Co.,* 467 F. Supp. 17, 19 (E.D. Pa. 1979). However, once it is determined that there is no obligation to provide the broader duty to defend, the more narrow duty to indemnify is also extinguished. *Id.*

Exclusions from coverage contained in an insurance policy will be effective against an insured if they are clearly worded and conspicuously displayed, irrespective of whether the insured read the limitations or understood their import. *Venetian Blind,* 503 Pa. at 307, 469 A.2d at 567. When an insurer attempts to rely upon an exclusion in the policy to deny insurance coverage, the insurer carries the burden of demonstrating the applicability of that particular exclusion. *Allstate Ins. Co. v. Brown,* 834 F. Supp. 854, 857 (E.D. Pa. 1993). "The burden is [then] on the insured, not the insurer, to introduce evidence to show that the exclusion which appears to be triggered does not apply after all." *Air Products & Chemicals Inc. v. Hartford Accident & Indem. Co.,* 25 F.3d 177, 180 (3d Cir. 1994). "If the insured is successful in demonstrating that coverage is not necessarily excluded by the facts averred in the complaint, the insurer is required to defend the underlying suit." *Id.*

Because the court is free from doubt that the exclusion presently at issue bars coverage, defendant has no duty to indemnify plaintiffs or defend them in the underlying lawsuit. The exclusion is neither ambiguous nor unclear, therefore the court can apply its plain and common meaning to the facts alleged. Each cause of action alleged against the insured defendants in the underlying complaint (the plaintiffs in the instant action) arises out

of their failure to disclose that the premises were contaminated with home heating oil that leaked from an underground storage tank. Under the clear and unambiguous language of the policy, claims associated with such contamination are excluded from coverage.

Specifically, the policy states that the defendant "will not defend or pay for, any claim, damages, claims expenses, loss, cost or expense arising out of . . . or in any way related to . . . [t]he actual or alleged presence . . . of . . . contaminants [or] pollutants." Exhibit "A" to exhibit "1," section VIII.C. Furthermore, defendant "will not defend or pay for, any claim, damages, claims expenses, loss, cost or expense arising out of, directly or indirectly resulting from, caused by, based upon, in any way involving, or in any way related to . . . [a]ny . . . instruction, recommendation, warnings, advice, written reports or assurances given or which should have been given in connection with [any contamination of the premises]." *Id.* Under the terms of the policy, then, defendant is not required to defend or indemnify the plaintiffs in the underlying lawsuit because such claims arise from the contamination of the premises. Accordingly, any coverage is excluded by the contaminants and pollutants exclusion contained within the policy.

Although plaintiffs contend that the Pennsylvania Supreme Court limited the *Venetian Blind* standard in *Tonkovic v. State Farm Mutual Automobile Insurance Co.,* this court cannot agree with such an argument. In *Tonkovic,* the Supreme Court expressed that "Courts should be concerned with assuring that the insurance purchasing public's reasonable expectations are fulfilled." *Tonkovic,* 513 Pa. 445, 456, 521 A.2d 920, 926 (1987). As such, the plain language of an insurance policy

will not be enforced in every instance. See *id.* It is important to note that in *Tonkovic,* the insured sought a specific type of coverage. *Id.* at 447, 521 A.2d at 921. Nonetheless, the insurer issued a policy which excluded the type of coverage that the insured requested. *Id.* at 448, 521 A.2d at 922. Consequently, the *Tonkovic* court refused to follow the plain language of the policy and enforced the reasonable expectations of the insured. The court did not, however, limit the standard set forth in *Venetian Blind.* As the court stated:

"We find a crucial distinction between cases where one applies for a specific type of coverage and the insurer unilaterally limits that coverage, resulting in a policy quite different from what the insured requested, and cases where the insured received precisely the coverage that he requested but failed to read the policy to discover clauses that are the usual incident of the coverage applied for." *Id.* at 454, 521 A.2d at 925.

In the present case, there is no allegation that the defendant unilaterally changed the policy to restrict the type of coverage that the plaintiffs specifically requested. Additionally, the pollution exclusion is precisely the type of standard policy exclusion distinguished by *Tonkovic.* As a result, there is no reason to refuse to enforce the plain language of the policy.

Moreover, the exclusion should not be read to preclude coverage only where the insured actually participates in the pollution. Such a reading would distort the plain language of the policy. The exclusion's language states that it applies to "any claim . . . in any way involving, or in any way related to . . . [t]he actual or alleged presence or absence in, on, under or otherwise connected

to real estate, of . . . contaminants [or] pollutants." Exhibit "A" to exhibit "1," section VIII.C. Accordingly, the exclusion applies to any "claim." Nowhere in the policy does it state that coverage is excluded only where the insured participates in the pollution. Hence, the exclusion applies to the underlying claims asserted against the plaintiffs.

Our decision is also in accord with prior court decisions. Interpreting a similar clause, the Pennsylvania Superior Court stated that "[t]here is no coverage for claims which are based [up]on the escape of pollutants, and this is so irrespective of the role which the insured is alleged to have played in the pollution." *O'Brien Energy Systems Inc. v. American Employers' Insurance Co.*, 427 Pa. Super. 456, 468, 629 A.2d 957, 963 (1993). In addition, the language of a similar policy exclusion "indicated [a] 'but for' or 'cause and result' relationship" between the contamination and the alleged claims. *Madison Construction Co.* 557 Pa. at 612, 735 A.2d at 110. In the present case, the claims would not have arisen without the presence of the contamination. As a result, the policy excludes any type of coverage for the claims made against the plaintiffs in the underlying action.

It is of no consequence, moreover, that the underlying claims relate to the fraud and/or negligence on the part of the plaintiffs in their alleged failure to disclose the existence of the contamination. As previously stated, the exclusion contemplates a causal nexus between the contamination and the claims set forth against the insured plaintiffs. Here the alleged nondisclosure is linked to the alleged contamination of the premises. Any claims relating to such contamination are excluded by the plain,

462

unambiguous language of the policy. Therefore, defendant has no obligation to defend the underlying lawsuit, or indemnify the plaintiffs.

Accordingly, the court enters the following:

## ORDER

And now, January 10, 2005, upon consideration of the defendant's, United States Liability Insurance Group, motion for summary judgment, together with the briefs and supporting papers filed by the parties, it is hereby ordered that such motion is granted, and the court declares that defendant has no duty to defend or indemnify plaintiffs, Dennis Brandt, Re/Max Cornerstone, and Joleen Corporation, from the underlying claims filed by Parke Rineer and April Rineer.