**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3570
_____

HAROLD DEJESUS;
MARIA DEJESUS,
                              Appellants

v.

KNIGHT INDUSTRIES & ASSOCIATES, INC.,
d/b/a Knight Global and Knight Industries, Inc.;
GEMINI PRODUCTS INC,
d/b/a Knight Ergonomics & Assembly Systems;
ENGMAN-TAYLOR COMPANY, INC.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-10-cv-07434)
District Judge:  Honorable Mary A. McLaughlin

Submitted under Third Circuit LAR 34.1(a)
on June 3, 2014

Before:  HARDIMAN, SCIRICA and ROTH, <u>Circuit Judges</u>

(Filed: April 6, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**ROTH**, Circuit Judge:

Harold and Maria DeJesus appeal the District Court's order, which granted
(i) Knight Industries & Associates, Inc.'s motion to preclude expert testimony, and
(ii) Knight's motion for summary judgment on negligence and strict liability claims
arising from an alleged defectively designed lift table.

In opposing summary judgment, DeJesus argued that the Restatement (Second) of
Torts was the substantive law that applied to his product liability claims.[1]  The District
Court applied the Restatement (Third) of Torts, consistent with this Court's decision in
*Covell v. Bell Sports, Inc.*,[2] holding that district courts must apply the Restatement
(Third) to design defect claims arising under Pennsylvania law, absent a controlling
contrary holding from the Pennsylvania Supreme Court.  After the grant of summary
judgment for Knight and while the case was pending on appeal, the Supreme Court of
Pennsylvania decided *Tincher v. Omega Flex, Inc.* and held that "Pennsylvania remains a
Second Restatement jurisdiction."[3]  At the same time, the Court overruled the long-
standing method of applying the Restatement (Second) outlined in *Azzarello v. Black
Brothers.*[4]

DeJesus properly preserved his rights with respect to the issue resolved by
*Tincher*.  He moved for a stay of the appeal pending the resolution of *Tincher*, which we

---

[1] *See DeJesus v. Knight Industries*, No. 10-7434, Doc. No. 69 at 24-28 (Dec. 7, 2012).
[2] 651 F.3d 357 (3d Cir. 2011).
[3] 104 A.3d 328, 399 (Pa. 2014).
[4] 391 A.2d 1020 (Pa. 1978).

denied.[5]  He also reserved his right to brief the issue of applicability of *Tincher* to his claims in his appellate brief.[6]

Because the law as decided by the highest court of the state has changed while the case was on appeal, and because DeJesus preserved his rights with respect to the issues that have since been resolved in *Tincher*, we will vacate the District Court's grant of summary judgment and remand the case for further proceedings in light of *Tincher*.[7]  As to the issue of admissibility of the testimony of DeJesus's expert witness, whether that witness be Dr. Rider or another expert, we will leave the resolution of that question to the District Court to be determined at the time that expert witness testimony is offered by DeJesus.

---

[5] *See* Motion for Stay, No. 13-3570 (Nov. 25, 2013).
[6] *See* DeJesus Br. at 50.
[7] *See Air Prods. & Chems., Inc. v. Hartford Accident and Indem. Co.*, 25 F.3d 177 (3d Cir. 1994) (vacating the portion of the district court's order allocating defense and indemnity costs and remanding where intervening decision of state supreme court altered the statement of law relied upon by the district court in its allocation).