NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3810
_____

UNITRIN DIRECT INSURANCE COMPANY,
Appellant

v.

MICHAEL ESPOSITO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-05239)
District Judge: Honorable Timothy J. Savage
_____

Argued September 7, 2018
Before: HARDIMAN, KRAUSE, and BIBAS, *Circuit Judges*.

(Filed: October 17, 2018)

Andrew J. Gallogly [Argued]
Margolis Edelstein
The Curtis Center, Suite 400E
170 South Independence Mall West
Philadelphia, PA 19106
        *Counsel for Appellant*

Stephen A. Durham [Argued]
Durham & James
320 West Front Street
Media, PA 19063
        *Counsel for Appellee*

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

Unitrin Direct Insurance Company appeals an order of the District Court declaring that it has a duty to defend Michael Esposito in a state-court personal injury action and a second order denying reconsideration. We agree with Unitrin that Esposito's insurance policy does not provide coverage for the allegations made against him in the underlying complaint. Accordingly, we will reverse.

I

In August 2014, Esposito and Mark Anderson were involved in a bar fight. Anderson later sued Esposito in state court, alleging negligence and assault and battery. The complaint avers that Esposito, "without provocation, punched, kicked and injured the plaintiff[,] causing permanent, significant and disfiguring facial injuries." App. 72. At the time of Anderson's suit, Esposito was covered by a homeowners insurance policy (the Policy) issued by Unitrin.

After initially defending Esposito subject to a reservation of rights, Unitrin sought a declaration from the District Court that it had no duty to defend and indemnify Esposito in the state court action. Esposito filed an answer, denying he assaulted another patron

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

but asserting that there had been an altercation at the bar in which he "was required to defend himself and his wife against an attack." App. 89.

Unitrin moved for judgment on the pleadings, arguing it had no duty to defend Esposito because the events described in the state court complaint did not constitute an "occurrence," which the Policy defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in . . . 'Bodily injury'; or . . . 'Property damage.'" App. 43. In the alternative, Unitrin argued that coverage was barred by two separate exclusions—the "expected or intended injury" exclusion, and the "physical or mental abuse" exclusion.

In response to Unitrin's motion, Esposito argued he was entitled to a defense because he was defending his wife, who also is insured under the Policy. Esposito did not address whether the altercation was a covered "occurrence" but instead claimed that his conduct fell within the self-defense exception to the "expected or intended injury" exclusion.

The District Court denied Unitrin's motion for judgment on the pleadings and entered a declaratory judgment that Unitrin had a duty to defend Esposito in the underlying suit. The Court found that the conduct alleged in the state court complaint was not an "occurrence" under the Policy. It nevertheless held that Esposito was entitled to coverage because the conduct fell within the self-defense exception to the "expected or intended injury" exclusion. In the District Court's view: "Although the injury-producing conduct alleged in the underlying action does not fall within the policy definition of an

3

occurrence triggering coverage, the policy exclusion for intentional conduct expressly provides coverage when the insured acts in self-defense or in the defense of others." App. 9.

Unitrin moved for reconsideration, arguing that the District Court had erred by looking beyond the factual allegations of the complaint to consider Esposito's self-defense claim. Unitrin also contended that once the District Court determined there was no "occurrence," its work was done and it should not have addressed the self-defense exception. The Court denied the motion for reconsideration, and this appeal followed.

## II[1]

The Policy states that Unitrin will indemnify and defend a claim made or suit "brought against an 'insured' for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies." App. 58. And it defines an "occurrence" as an "accident" resulting in bodily injury or property damage. App. 43. "Accident" is not defined in the Policy, but the District Court defined it as "an unexpected happening causing loss or injury which is not due to any fault or misconduct on the part of the person injured but for which legal relief may be sought." App. 13–14 (quoting *Webster's Third New International Dictionary, Unabridged* (2017)). The Court

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. "We review the District Court's interpretation of the insurance policies *de novo*." *Alexander v. Nat'l Fire Ins. of Hartford*, 454 F.3d 214, 219 n.4 (3d Cir. 2006) (citing *N. Ins. Co. of N.Y. v. Aardvark Assoc., Inc.*, 942 F.2d 189, 191 n.2 (3d Cir. 1991)). The parties agree that Pennsylvania law applies to this case.

concluded that because the conduct alleged in the state court complaint was not accidental, it did not fall within the Policy definition of an "occurrence." App. 15. As the Court explained, "because [the plaintiff] alleges in his complaint that Esposito acted intentionally and not accidentally, *there is no occurrence triggering personal liability coverage*." *Id.* (emphasis added). Esposito has not challenged that conclusion on appeal.

After finding no coverage under the Policy, the District Court should not have considered whether any of the Policy's exclusions (or exceptions thereto) applied. Simply put, exceptions to policy exclusions cannot create or expand insurance coverage. *See Bryan Bros. Inc. v. Cont'l Cas. Co.*, 660 F.3d 827, 831 (4th Cir. 2011) ("[I]t is elemental that exclusions and exceptions in an insurance policy cannot expand the scope of agreed coverage." (citations omitted)); *Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 627 (9th Cir. 1996) ("If coverage does not exist under the insuring agreement, the inquiry is at an end. There is no need to look to the exclusions because they cannot expand the basic coverage granted in the insuring agreement." (citation omitted)). So once the District Court found no coverage under the Policy, it had no need to consider whether any exclusions to coverage applied. *See, e.g.*, *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 900 (Pa. 2006) (stating, after finding no "occurrence," that "it is not necessary for us to consider whether the business risk/work product exclusions also preclude coverage").

Likewise, we have no need to consider whether the self-defense exception applies

5

here.[2] Nevertheless, given the District Court's analysis and the parties' extensive arguments on the question, we note that the allegations in the state court complaint against Esposito do not support a claim of self-defense. Under Pennsylvania law, "[i]t is well established that an insurer's duties under an insurance policy are triggered by the language of the complaint against the insured." *Kvaerner*, 908 A.2d at 896; *see Lupu v. Loan City, LLC*, 903 F.3d 382, 389–92 (3d Cir. 2018). "The obligation of an insurer to defend an action against the insured is fixed *solely by the allegations in the underlying complaint*." *Am. Nat'l Prop. & Cas. Cos. v. Hearn*, 93 A.3d 880, 884 (Pa. Super. Ct. 2014) (emphasis added) (quoting *Erie Ins. Exch. v. Fidler*, 808 A.2d 587, 590 (Pa. Super. Ct. 2002)); *see also Kvaerner*, 908 A.2d at 896 ("We find no reason to expand upon the well-reasoned and long-standing rule that an insurer's duty to defend is triggered, if at all, by the factual averments contained in the complaint itself."). The District Court therefore erred by looking beyond the allegations of the underlying complaint to consider Esposito's claim that he acted in self-defense.[3]

---

[2] Judge Bibas declines to join the analysis in this paragraph and footnote 3, preferring instead to await a case in which the outcome turns on the resolution of this issue.

[3] The District Court relied primarily on this Court's decision in *Air Products & Chemicals, Inc. v. Hartford Accident & Indemnity Co.*, 25 F.3d 177 (3d Cir. 1994), to support its consideration of the self-defense claim raised in Esposito's answer. In *Air Products*, we recognized an insurer's duty to defend under Pennsylvania law is "generally" determined by the allegations of the underlying complaint, but cited three cases that appeared to allow the use of extrinsic evidence to resolve the duty-to-defend issue in cases involving exceptions to exclusions. *Id.* at 179–80. In *Air Products*, "'potential' . . . coverage" was a given and extrinsic evidence was considered only in connection with proffered exceptions to exclusions, not the threshold question of whether

Here, the state court complaint alleges that Esposito "without provocation, punched, kicked and injured the plaintiff." App. 72. The complaint also alleges that "Esposito was charged with assault and pleaded guilty." *Id.* These allegations of an unprovoked and "unjustified assault," App. 74, do not support a claim of self-defense. Based on the allegations in the complaint, the District Court correctly found that there was no "occurrence," and thus no coverage, under the Policy. Accordingly, Unitrin does not have a duty to defend Esposito in the underlying state court case.

*     *     *

For the foregoing reasons, we will reverse the District Court's orders.

---

there was coverage in the first place. *Id.* at 180. Moreover, the cases cited in *Air Products* considered extrinsic evidence in determining an insurer's *duty to indemnify*, not the duty to defend. *See N. Ins. Co. of N.Y. v. Aardvark Assocs., Inc.*, 942 F.2d 189, 191, 195–96 (3d Cir. 1991); *Lower Paxton Twp. v. U.S. Fid. & Guar. Co.*, 557 A.2d 393, 403 n.6 (Pa. Super. Ct. 1989); *Fischer & Porter Co. v. Liberty Mut. Ins. Co.*, 656 F. Supp. 132, 134, 140 (E.D. Pa. 1986). And, in any event, the Court in *Air Products* did not rely on extrinsic evidence itself to resolve the duty to defend. Rather, it relied on the allegations of the underlying complaint and concluded that the insurer had a duty to defend because the allegations could potentially fall within the policy's coverage. *Air Prods.*, 25 F.3d at 179–80.