**ALLSTATE INSURANCE COMPANY**

v.

**Daniel BROWN, Michael G. Oreski, Michael C. Lynch, Conestoga Mill, Gus Averginos, Sr. individually and trading as Conestoga Mill, and Gus Averginos, Jr., individually and trading as Conestoga Mill.**

Civ. A. No. 93–CV–0324.

United States District Court,
E.D. Pennsylvania.

Oct. 18, 1993.

William A. Rubert, Philadelphia, PA, for plaintiff.

Daniel Brown, Narberth, PA, William W. Spalding, Abraham, Pressman & Bauer, P.C., Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Plaintiff, Allstate Insurance Company hereby moves for the entry of summary judgment in its favor in the instant declaratory judgment action in the form of a court determination that it has no obligation to defend or indemnify the defendant Daniel Brown. In accordance with the rationale set forth in the following paragraphs, that motion is denied.

### I. HISTORY OF THE CASE

The underlying controversy from which this declaratory judgment action originates occurred on December 31, 1989 at the Conestoga Mill Tavern in Bryn Mawr, Pennsylvania. At that time and place, the defendant, Michael G. Oreski, was acting within the course and scope of his employment as a Radnor Township police officer in responding to a report of a large fight in progress at the Conestoga Mill. While Mr. Oreski was in the process of breaking up one part of the fight, he was struck in the left side of the face by the defendant Daniel Brown and thereby sustained serious injuries to his face, mouth and teeth, as well as shortness of breath and an irregular heartbeat. Mr. Oreski subsequently brought suit to recover damages for these injuries against Daniel Brown, Michael Lynch, the Conestoga Mill Tavern and its owners in the Court of Common Pleas of Delaware County, Pennsylvania under theories of negligence, gross negligence, conspiracy and assault and battery.

According to the allegations of Allstate's declaratory judgment complaint, Daniel Brown resided at the home of his parents, Robert and Rose Brown, at the time that the aforesaid incident occurred. Insofar as that home was covered by a Deluxe Homeowner's Policy issued by Allstate, Daniel Brown submitted a claim for liability coverage and sought to have Allstate provide him with a defense in the Delaware County lawsuit. Allstate thereafter filed this action seeking a

declaration that several exemptions in the policy relieved it from any obligation to indemnify or provide Mr. Brown with a defense in that action.

## II. *DISCUSSION*

By way of the now-pending motion, the plaintiff insurer essentially submits that the language of the policy's exclusions on its face dictates that summary judgment is properly entered in its favor at the present time.

■ The principles to be applied by the district courts in ruling upon summary judgment motions are firmly established. Under Fed.R.Civ.P. 56(c), "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." It is therefore incumbent upon a court in considering a motion for summary judgment to determine whether the evidence can reasonably support a verdict for the non-moving party. In making this determination, all of the facts must be viewed in the light most favorable to and all reasonable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *U.S. v. Kensington Hospital,* 760 F.Supp. 1120, 1126–1127 (E.D.Pa.1991). In this regard, it has been held that an issue is "genuine" if the fact-finder could reasonably hold in the non-movant's favor with respect to that issue and that a fact is "material" if it influences the outcome under the governing law. *Anderson,* 477 U.S. at 247–248, 106 S.Ct. at 2509–2510.

■ This does not mean, however, that a non-movant may rest upon the allegations contained in his or her pleadings in defense of a summary judgment motion. To the contrary, Fed.R.Civ.P. 56(e) states:

"When a motion for summary judgment is made and supported as provided for in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Thus, while the moving party bears the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element of its case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3rd Cir.1990).

Inasmuch as this case was commenced pursuant to 28 U.S.C. § 2201 (empowering the federal courts to enter declaratory judgments) and jurisdiction is premised upon the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332, this court is obliged to apply the substantive law of Pennsylvania in this action. *Griggs v. Bic Corp.,* 981 F.2d 1429, 1431 (3rd Cir.1992); *Nationwide Insurance Co. v. Resseguie,* 980 F.2d 226, 229 (3rd Cir.1992), both citing *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ Declaratory judgment actions have previously been used in Pennsylvania to resolve issues of an insurance company's duty to defend and indemnify. *Harleysville Mutual Insurance Co. v. Madison,* 415 Pa.Super. 361, 609 A.2d 564, 566 (1992). Under Pennsylvania insurance law, an insurer's duty to defend an action is measured, in the first instance, by the allegations in the pleadings. *Gene's Restaurant, Inc. v. Nationwide Insurance Co.,* 519 Pa. 306, 548 A.2d 246 (1988). The task of interpreting a contract of insurance is generally performed by a court rather than by a jury, which must read the insurance policy as a whole and construe it according to the plain meaning of its terms. *Safeguard Scientifics v. Liberty Mutual Insurance Co.,* 766 F.Supp. 324, 328 (E.D.Pa. 1991), modified in part on other grounds, 961 F.2d 209 (3rd Cir.1992); *Bateman v. Motorists Mutual Insurance Co.,* 527 Pa. 241, 590 A.2d 281, 283 (1991); *Standard Venetian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 469 A.2d 563, 566 (1983).

Where an ambiguity is found in a provision of an insurance policy, the provision should be construed against the insurer as the drafter of the instrument. *K & Lee Corp. v. Scottsdale Insurance Co.*, 769 F.Supp. 870, 873 (E.D.Pa.1991). A term is ambiguous only if reasonable people, considering it in the context of the entire policy, would honestly ascribe different meanings to it. *Id.*, citing *Northbrook Insurance Co. v. Kuljian Corp.*, 690 F.2d 368, 372 (3rd Cir.1982).

In determining the duty to defend, the complaint claiming damages must be compared to the policy and a determination made as to whether, if the allegations are sustained, the insurer would be required to pay a resulting judgment. *Gene's Restaurant v. Nationwide, supra*, 548 A.2d at 246–247 quoting 7C J. Appleman, *Insurance Law and Practice* § 4683, at 42, 50 (W. Berdel ed. 1979). Accordingly, so long as the complaint comprehends an injury which is potentially within the scope of the policy, the company must defend the insured until the insurer can confine the claim to a recovery that the policy does not cover. *United Services Automobile Association v. Elitzky*, 358 Pa.Super. 362, 517 A.2d 982, 985 (1986), *alloc. denied*, 515 Pa. 600, 528 A.2d 957 (1987). If coverage depends upon the existence of facts yet to be determined, the insurer is obliged to provide a defense until such time as those facts are determined, and the claim is narrowed to one patently outside of coverage. Likewise, if some of the allegations in the complaint fall within the terms of coverage and others do not, the insurer is obliged to defend the entire action against the insured. *Safeguard Scientifics, Inc. v. Liberty Mutual Insurance Co., supra*, 766 F.Supp. at 329 citing, *inter alia*, *C. Raymond Davis & Sons, Inc. v. Liberty Mutual Insurance Co.*, 467 F.Supp. 17, 19 (E.D.Pa.1979).

Finally, when an insurer seeks to deny coverage based upon an exclusion in the policy, it is the insurer's burden to demonstrate that the exclusion applies. Hence, an insurer who refuses to defend a claim potentially within the scope of the policy does so at its own peril. *Bracciale v. Nationwide Mutual Fire Insurance Company*, 1993 WL 323594 (E.D.Pa.1993) citing *Ripepi v. Ameri-*can *Insurance Co.*, 349 F.2d 300, 303 (3rd Cir.1965); *Little v. MGIC Indemnity Corp.*, 649 F.Supp. 1460, 1466 (W.D.Pa.1986), *aff'd*, 836 F.2d 789 (3rd Cir.1987).

Although similar, the duty of an insurer to indemnify is somewhat more limited than its duty to defend. While the insurer must defend its insured if the complaint alleges conduct that potentially falls within the scope of the policy, it must indemnify its insured only if liability is found for conduct that actually falls within the scope of the policy. Thus, in cases where the complaint alleges both conduct that comes under the policy and conduct that does not, the insurer must defend the entire action, but it need not indemnify its insured if the conduct for which the insured is found liable does not come within the scope of the policy. *Bracciale*, at 12 citing *Pacific Indemnity Co. v. Linn*, 766 F.2d 754, 767 (3rd Cir.1985) and *Air Products & Chemicals v. Hartford Accident & Indemnity Co.*, 707 F.Supp. 762, 776 (E.D.Pa.1989).

In this case, the exclusions upon which the plaintiff relies read as follows:

**Losses We Do Not Cover:**

**1. We** do not cover **bodily injury** or **property damage** resulting from:

a) An act or omission intended or expected to cause **bodily injury** or **property damage**. This exclusion applies even if the **bodily injury** or **property damage** is of a different kind or degree, or is sustained by a different person or property from that intended or expected; or

b) An act or omission committed by an **insured person** while insane or while lacking the mental capacity to control his or her conduct or while unable to form any intent to cause **bodily injury** or **property damage**. This exclusion applies only if a reasonable person would expect some **bodily injury** or **property damage** to result from the act or omission.

**2. We** do not cover **bodily injury** or **property damage** resulting from:

a) A criminal act or omission; or

b) An act or omission which is criminal in nature and committed by an **insured**

858

person who lacked the mental capacity to appreciate the criminal nature or wrongfulness of the act or omission or to conform his or her conduct to the requirements of the law or to form the necessary intent under the law.

This exclusion applies regardless of whether the **insured person** is actually charged with, or convicted of, a crime.

Covered losses, on the other hand, include those "which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an accident ..."

According to Counts III, IV and V of Mr. Oreski's complaint in the Delaware County lawsuit, he is seeking to recover damages from Daniel Brown under three different theories of tort law—negligence, assault and battery and conspiracy to commit assault and battery. While we agree with Allstate's contention that Counts IV and V of the complaint allege intentional, willful and malicious conduct on the part of Mr. Brown such as would fall within the ambit of the aforesaid exclusions and the expressed public policy of Pennsylvania against requiring insurers to indemnify and/or defend an insured for his own intentional torts and/or criminal acts, we cannot reach the same conclusion with respect to Count III. *See Generally: Germantown Insurance Co. v. Martin,* 407 Pa.Super. 326, 595 A.2d 1172 (1991). To the contrary, that count sounds squarely in negligence in that it alleges that Mr. Brown owed a duty to Mr. Oreski, breach of that duty, proximate cause and resulting injury. *See: Fennell v. Nationwide Mutual Fire Insurance Co.,* 412 Pa.Super. 534, 603 A.2d 1064 (1992). The underlying complaint thus clearly alleges conduct that comes under the policy and conduct that does not. Since we cannot determine from the existing record in this matter whether Daniel Brown may be found liable under Count III, Count IV or Count V or any combination of those counts by a jury, Allstate's motion for summary judgment must now be denied.