**COREGIS INSURANCE COMPANY,**

v.

**BARATTA & FENERTY, LTD., Anthony Baratta, Esq., Kenneth Lee and Danielle Lee.**

No. CIV. A. 99–573.

United States District Court, E.D. Pennsylvania.

July 30, 1999.

Steven J. Polansky, Spector, aden & Rosen, P.C., Moorestown, NJ, for Plaintiff.

David Kraut, Cardis, Kraut & Harris, P.C., Blue Bell, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

The plaintiff, Coregis Insurance Company ("Coregis"), has filed a motion for summary judgment pursuant to Fed.R.Civ. P. 56. Coregis seeks a court determination in its favor that it has no obligation to defend or indemnify the defendants Baratta & Fenerty, Ltd., and Anthony Baratta (collectively "Baratta"). For the reasons set forth below, the motion is granted.

## BACKGROUND

The underlying controversy from which this declaratory judgment action originates is a medical malpractice suit in which the defendants Kenneth Lee and Danielle Lee (collectively the "Lees") were plaintiffs. The Lees employed Baratta[1] to initiate a medical malpractice action in 1979 and, on March 23, 1981, Baratta filed the Lees complaint in the Montgomery County Court of Common Pleas. In August 1991, the Prothonotary's Office sent written notice to Baratta advising them that the case would be dismissed for inactivity unless they filed a Certificate of Active Service. On September 17, 1991, the Common Pleas Court dismissed the Lees medical malpractice suit for lack of activity pursuant to Local Rule of Civil Procedure No.406.

On December 20, 1993, Baratta filed a Petition Nunc Pro Tunc to have the case reinstated. In January 1994, Baratta met with the Lees to inform them of the dismissal and to discuss the actions Baratta was taking to get the case reinstated. The Common Pleas Court denied Baratta's petition on February 22, 1995. Baratta appealed the Common Pleas Court denial for reinstatement and the appeal was ultimately denied by the Pennsylvania Superior Court on November 20, 1995 and again by the Supreme Court of Pennsylvania on April 18, 1996.

Baratta submitted a renewal application for professional liability insurance to Coregis on April 24, 1996.[2] On the application Baratta answered "No" to a question inquiring whether the applicant, its predecessor firms or any individual is aware of any circumstance, act, error, omission or personal injury which might be an expected basis of a claim or suit that has not previously been reported.

In November 1996, the Lees commenced a legal malpractice suit against Baratta by Writ of Summons in the Montgomery County Court of Common Pleas. Baratta reported the claim to Coregis on December 3, 1996. Coregis acknowledged the claim and reserved its rights to deny coverage based on a prior knowledge exclusion that is included in the parties' insurance contract. After being notified that the Lees filed a complaint on October 17, 1998 against Baratta, Coregis filed a declaratory judgment action with this court to obtain a declaration of Coregis' rights

---

1. In 1980, Baratta was with the law firm of Baratta & Takiff.

2. Coregis has been Baratta's malpractice insurer from May 1995 to the present.

and obligations under the insuring agreement.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure establishes that "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact," then the moving party is entitled to summary judgment. Fed.R.Civ. P. 56(c). The district courts are obligated to determine whether all the evidence can reasonably support a verdict for the non-moving party. *Allstate Ins. Co. v. Brown*, 834 F.Supp. 854, 856 (E.D.Pa.1993). In making this determination, all of the facts must be reviewed in the light most favorable to and all reasonable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is genuine if the factfinder could reasonably hold in the non-movant's favor with respect to that issue and that a fact is material if it influences the outcome under the governing law. *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505. Although the moving party bears the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must established the existence of each element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

### II. INSURANCE CONTRACT INTERPRETATION

■ Inasmuch as this case was commenced pursuant to 28 U.S.C. § 2201 (empowering the federal courts to enter declaratory judgments) and jurisdiction is premised upon the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332, we are required to apply the substantive law of Pennsylvania in this action. *Nationwide Ins. Co. v. Resseguie*, 980 F.2d 226, 229 (3d Cir.1992), *citing Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Pennsylvania insurance law, the contract language must be construed in accordance with its plain and ordinary meaning. *O'Brien Energy Sys., Inc. v. American Employers' Ins. Co.*, 427 Pa.Super. 456, 461, 629 A.2d 957, 960 (1993). Where the policy provision is ambiguous, it is construed in favor of the insured. *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 304, 469 A.2d 563, 566 (1983). Where it is clear and unambiguous, a court is required to give effect to that language. *Standard Venetian Blind*, 503 Pa. at 305, 469 A.2d at 566.

■ The Court of Appeals for the Third Circuit has elaborated on these principles by stating that a court should read insurance provisions to avoid ambiguities. *Niagara Fire Ins. Co. v. Pepicelli, Pepicelli, Watts and Youngs, P.C.*, 821 F.2d 216, 220 (3d Cir.1987). An insurance policy provision is ambiguous if a reasonable person on considering it in the entire context of the policy would honestly differ as to its meaning. *Niagara Fire Ins.*, 821 F.2d at 220. Accordingly, when an insurer seeks to deny coverage based upon an exclusion in a policy, it is the insurer's burden to demonstrate that the exclusion applies. *Brown*, 834 F.Supp. at 857.

### III. APPLICABILITY OF EXCLUSION B

Coregis now moves for summary judgment based on the prior knowledge provision in Exclusion B of the parties' insurance policy. Exclusion B provides that:

> Any CLAIM arising out of any act, error, omission or PERSONAL INJURY occurring prior to the effective date of the policy if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission or PERSONAL INJURY might be expected to be the basis of a claim.

Coregis asserts that Exclusion B in the policy precludes coverage for the Lees' legal malpractice action against Baratta. In *Coregis Ins. Co. v. Wheeler*, 24 F.Supp.2d 475 (E.D.Pa.1998), the court divided Exclusion B into two elements. *Wheeler*, 24 F.Supp.2d at 478. First, for the exclusion to apply, the insurer must show that the claim at issue must arise "out of an act, error, omission or PERSONAL INJURY occurring prior to the effective date of this policy." *Id.* at 478. It is undisputed that Baratta's failing to prosecute the Lees' medical malpractice claim, ultimately leading to its dismissal on September 17, 1991 took place prior to the inception of the policy in May 1996, thereby satisfying the first element. Second, the insurer must show that the "INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission or PERSONAL INJURY might be expected to be the basis of a CLAIM." *Id.*

Coregis asserts that the second prong has been satisfied by the fact that the Lees' medical malpractice action was dismissed in September 1991 due to Baratta's failure to prosecute the case. Coregis asserts that by Baratta's own admission, they discovered the termination and filed a motion to reinstate in order to rectify their mistake in December 1993. In addition, Baratta concedes that during the January 1994 meeting with the Lees, Baratta accepted responsibility for allowing the case to be dismissed and informed the Lees of a possible legal malpractice claim.

Baratta asserts that because the statute of limitations had run in January 1996, this case should turn on whether the facts as they existed in April 1996 would give a reasonable attorney a basis to believe a claim might be expected to be brought against him. Baratta asserts that at the time the insurance application was com-

pleted in April 1996, the only known basis for a claim was their apparent failure to keep the Lees' medical malpractice alive. Baratta, relying on *Sherman Industries, Inc. v. Goldhammer*, 683 F.Supp. 502 (E.D.Pa.1988), asserts that it is reasonable to assume that the two-year tort statute of limitations was applicable and that based on the discovery rule, it is reasonable to assume that the statute began to run in January 1994 when the Lees' were advised of the dismissal.[3]

Since the Pennsylvania Supreme Court has yet to interpret "reasonably foreseen" language in the context of professional liability contracts, we will rely on federal district courts and the Court of Appeals for the Third Circuit's interpretation of the same or similar contract language. See, e.g. *Wheeler*, 24 F.Supp.2d at 478(the court interpreted a policy exclusion that included "knew or could have reasonably foreseen" using the mixed standard applied by the Third Circuit in *Selko*); *Selko v. Home Insurance Co.*, 139 F.3d 146, 151 (3d Cir. 1998)(the Third Circuit interpreted a policy exclusion that included "no basis to believe that insured breached a professional duty"); *Home Ins. Co. v. Powell*, 1997 WL 370109 (E.D.Pa.1997)(the court interpreted a policy exclusion that included "no basis to believe" using an objective standard), aff'd, 156 F.3d 1224 (3d Cir.1998); *Mt. Airy Ins. Co. v. Thomas*, 954 F.Supp. 1073, 1074, 1076–80 (W.D.Pa.1997)(the court interpreted a policy exclusion that included "knew or could have reasonably foreseen" using an objective standard), aff'd, 149 F.3d 1165 (3d Cir.1998); *Pelagatti v. Coregis Group*, 1996 WL 184474 (E.D.Pa.1996)(the court interpreted a policy exclusion that included "knew or could have reasonably foreseen" using an objective standard).

 In *Selko*, the Third Circuit harmonized the federal district court cases holding

---

**3.** Baratta relies on *Bradley v. Ragheb,* 429 Pa.Super. 616, 633 A.2d 192 (1993)(the polestar of the discovery rule is not the plaintiff's actual acquisition of knowledge, but whether the information, through the exercise of reasonable diligence, was available to the plaintiff).

that exclusion clauses involve both a subjective and objective inquiry (mixed standard). *Selko*, 139 F.3d at 151. In determining whether an attorney had a "basis to believe" that he had breached a professional duty, the Third Circuit analyzed the case in two steps. *Id.* at 152. First, it must be shown that the insured subjectively knew certain facts and, second, the court must determine whether objectively "a reasonable attorney in possession of such facts would have the basis to believe that the insured had breached a professional duty." *Id.* This test does not relieve the insurer of its burden to prove that the necessary underlying facts were actually known to the insured, and the insured may not successfully defend on the ground that "he did not understand the implications of the conduct and events that any reasonable lawyer would have grasped." *Id.* The Court reasoned that an insurer is justified in refusing to defend and indemnify an insured attorney based on undisclosed, preexisting misconduct, and that it is not unreasonable to use a reasonable attorney assessment, rather than speculate on an individual attorney's subjective understanding. *Id.* Under the mixed standard, coverage does not turn on the psychoanalysis, however, an attorney is not made accountable for matters he did not know about, nor for matters that would not cause a reasonable attorney to foresee a claim. *Id.*

Coregis urges the Court to use an objective standard like that in *Thomas* and thus, Baratta's subjective belief that a claim would not be made is irrelevant. We conclude, however, that the *Selko* Court analysis and reasoning is applicable to this case even though it interpreted an exclusionary provision containing different language. In *Thomas*, although the court rejected a subjective analysis in interpreting an exclusion identical to the instant case, it applied the same reasonable attorney standard as in *Selko* to determine whether the attorney knew or could have reasonably foreseen that his conduct might be expected to be the basis of a claim.

*Thomas*, 954 F.Supp. at 1079. The court distinguished between facts that are known to an attorney and, when viewed by a reasonable person, could give rise to a malpractice claim, and impressions that lead an attorney to believe that the client will not pursue a malpractice claim. *Id.* The court concluded that disputes over what an attorney believed, either on the basis of his relationship with the client or his impression of the client's reaction is not relevant to our analysis. *Id.* at 1080.

Coregis asserts that Baratta knew, after the Supreme Court of Pennsylvania ultimately denied the motion to reinstate on April 18, 1996, that the Lees were barred from pursuing their medical malpractice claim based on Baratta's failure to prosecute. Coregis asserts that as of May 6, 1996, inception of the policy, all avenues of appeal were closed. Coregis brings to our attention correspondence written by the Lees to Baratta in January 1995 where they express their extreme frustration in Baratta's handling of their case since 1979 and labels the dismissal as his error. In addition, the exclusion precludes coverage where circumstances indicate that a claim might be made, not requiring that the claim have merit or that viable defenses exist to defeat it. Coregis asserts that Baratta, like any reasonable attorney in the same circumstances, knew or could have reasonably foreseen that the Lees would make a claim against him.

Baratta asserts that while they continued to litigate the Lees action to reinstate it, the Lees did nothing to preserve their claims against Baratta. More specifically, Baratta notes that they informed the Lees of the dismissal soon after the firm discovered it; because the statute of limitations ran in the intervening period, Coregis' argument has no merit. Defendants thus argue that a reasonable attorney would conclude, as they did, that the statute of limitations had run in 1996 and the Lees' claim for failure to keep their case active was time barred. Baratta, therefore, had

no obligation to disclose this on their insurance application because Baratta had no reason to believe that the Lees might assert a claim.

■ We are not convinced by Baratta's assertions of what a reasonable attorney would do in these circumstances. We find that the only reasonable interpretation of the facts here is that a reasonable attorney in Baratta's shoes would have realized that as of January 1994, when he told the Lees about a possible malpractice claim against him, that he committed an act, error or omission that could be the basis of a future action against him.

In addition, after receiving the letter from the Lees on January 18, 1995, Baratta should have realized that they were contemplating a malpractice action against him if he did not respond in a reasonable time frame concerning the actions being taken to correct his "goof ... and had allowed [the] case ... to fall through the cracks." In the letter, the Lees informed Baratta that "they would not let him off 'the hook' and wanted their day in court." The Lees demanded no more stalling and reminded Baratta that he was still bound by their contract. Therefore, Baratta's additional assertion that he is entitled to coverage because the Lees' complaint included a new claim, which asserts that Baratta failed to properly investigate the case, collect all relevant evidence, properly conduct discovery, failed to retain experts, witnesses, and name all relevant parties, was unanticipated in 1996 and should be covered under Coregis' 1998–99 policy is meritless. Baratta asserts that even if Coregis' initial denial of coverage was proper, it is based only on facts known in May 1996. We, however, find that the Lee letter would clearly put a reasonable attorney in the same position as Baratta on notice that the Lees were frustrated about more than just the dismissal of their medical malpractice action.

### CONCLUSION

In light of these facts, we find that a reasonable attorney in the position of Baratta would foresee that his lack of action in the Lees medical malpractice case might be expected to be the basis of not only a tort claim, but also a contract claim. We conclude that Exclusion B in the 1996–97 policy, the language of which is clear and unambiguous, precludes coverage for the Lees' legal malpractice action against Baratta as a matter of law. For these reasons, Coregis' motion for summary judgment will be granted pursuant to the attached order.

### ORDER

AND NOW, this day of August, 1999, upon consideration of Plaintiffs' Motion for Summary Judgment and Defendants' Response thereto, it is hereby ORDERED that the Motion is GRANTED for the reasons set forth in the preceding Memorandum.