

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2005

# Allstate Ins Co v. Lombardi

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3206

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Allstate Ins Co v. Lombardi" (2005). *2005 Decisions.* Paper 1403.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1403

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3206

———

ALLSTATE INSURANCE COMPANY

v.

SABRINA LOMBARDI;
MICHAEL P. PICARD; RAYMOND;
KATHERINE PICARD

Sabrina Lombardi,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-CV-1250)
District Judge: The Honorable Legrome D. Davis

———

Argued: March 10, 2005

Before: SCIRICA, Chief Judge, ROTH and ALDISERT, Circuit Judges

(Filed March 31, 2005)

Steven M. Mezrow (Argued)
Michael O. Pansini
Pansini & Mezrow

1525 Locust Street, 15th Floor
Philadelphia, PA 19102

        Attorney for Appellant

Michael T. McDonnell, III (Argued)
Ryan, Brown, McDonnell, Berger & Gibbons, P.C.
1600 Market Street, Suite 1416
Philadelphia, PA 19103-7240

        Attorney for Appellee

―――

## OPINION OF THE COURT

―――

ALDISERT, <u>Circuit Judge</u>.

Appellant Sabrina Lombardi appeals from the district court's order granting summary judgment in favor of Plaintiff/Appellee Allstate Insurance Company. The United States District Court for the Eastern District of Pennsylvania held that Allstate did not have a duty to defend Michael Picard ("Michael") in an action brought by Sabrina Lombardi. We must determine whether the district court correctly granted summary judgment by deciding: (1) whether the event of September 10, 1998 (the "Event") constituted an "occurrence" within the meaning of Allstate's homeowner's liability insurance policy (the "Policy"); (2) if the Event constituted an "occurrence," whether the Policy's Exclusionary Clause precludes coverage; and (3) whether the Policy's Exclusionary Clause is against public policy. We have jurisdiction to review the district court's decision pursuant to 28 U.S.C. § 1291. We will affirm.

2

## I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion. Pennsylvania substantive law controls this diversity case.

## II.

In cases involving both the duty to defend and the duty to indemnify, it is only necessary to examine the insurer's duty to defend because it arises whenever an underlying complaint may "potentially" come within the insurance coverage. Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999). To determine whether a complaint may "potentially" come within the insurance coverage, a court must: (1) determine the scope of the insurance coverage; and (2) analyze the allegations in the complaint. Britamco Underwriters, Inc. v. Weiner, 636 A.2d 649, 651 (Pa. Super. 1994).

In determining the scope of insurance coverage, Pennsylvania law is well settled. A court should ascertain the intent of the parties as manifested by the language of the policy. See Allstate Ins. Co. v. Brown, 834 F. Supp. 854, 857 (E.D. Pa. 1993). When the language is clear and unambiguous, it should be given its plain and ordinary meaning. If it is ambiguous, it should be construed in favor of the insured. Id.

Here, we review the district court's order granting summary judgment de novo, applying the same test as the district court under Federal Rule of Civil Procedure 56(c).

See Morton Int'l Inc. v. A.E. Staley Man. Co., 343 F.3d 669, 679 (3d Cir. 2003). The court correctly held that Allstate is not required to defend or indemnify Michael in an action brought by Lombardi because the Event did not constitute an "occurrence" within the meaning of the policy. If the Event did constitute an "occurrence,"Allstate would still not be obligated to defend or indemnify Michael because the Exclusionary Policy applies. The Exclusionary Policy is not contrary to public policy. Because we conclude that Allstate had no duty to defend Michael, it necessarily follows that Allstate had no duty to indemnify Michael. See Frog, Switch & Mfg. Co., Inc., 193 F.3d at 746. Accordingly, we affirm the district court's order granting Allstate's motion for summary judgment.

## A.

The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage." (Dist. Ct. Op. at 6.) The question of whether something constitutes an "occurrence" must be determined from the perspective of the insured. See Nationwide Mut. Fire Ins. Co. of Columbus v. Pipher, 140 F.3d 222, 226 (3d Cir. 1998).

For example, in Pipher, an insured, the owner of an apartment building, removed the doors to a second floor apartment to install carpeting. Id. at 223. She leased the second floor apartment to a husband and wife while the doors were still removed. A painter hired by the insured killed the wife. Id. at 223-224. The husband brought a

4

wrongful death action against the insured and others. Nationwide sought a declaratory judgment that it had no duty to defend or indemnify the insured because the wife's death was the result of an intentional murder and did not constitute an "occurrence" as defined in the policy. Id. at 224. This Court concluded that it is the intentional conduct of the insured which precludes coverage under an insurance policy, not the acts of third parties. Id. at 226. Applying that principle to the facts of the case, we concluded that:

> [f]rom Pipher's standpoint, Bernine McFadden's assault and death was unexpected, entirely fortuitous, and, therefore, an accident. Thus, in this case, from Pipher (the insured's) perspective, her alleged negligence—the failure to re-hang the doors to the leased apartment and the hiring of Wood, a known troubled person—resulted in a tragic accident (i.e., the unintended and unexpected murder of her tenant Bernine McFadden).

Id. Accordingly, we held that the murder constituted an "occurrence" within the meaning of the policy and Nationwide had a duty to defend the insured in the wrongful death action. Id.

To determine the insured's perspective, it is necessary to look to the underlying complaint. Id. at 225. Specifically, it is necessary to look at the factual allegations contained in the complaint. Mutual Ben. Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999).

Here, Allstate is not required to defend or indemnify Michael because the Event did not constitute an "occurrence" within the meaning of the Policy. We must determine whether the Event was an "occurrence" from the perspective of Michael, the insured. Unlike the situation in Pipher, Michael is both the insured and the tortfeasor and it is

5

necessary to look at the Event from his perspective.

B.

Therefore, to determine Michael's perspective in this case, we must look to the factual allegations in Lombardi's underlying complaint. See Haver, 725 A.2d at 745. The factual allegations of the complaint stated, inter alia, that: (1) the Picards knew or should have known that Michael had psychological issues and posed a threat; (2) Lombardi was savagely "attacked, assaulted and battered" by Michael "without any provocation;" and (3) Michael proceeded to "punch and kick her in the head and face and about the body, even after she was unconscious, and did inflict severe and permanent injuries to [Lombardi]." The factual allegations do not aver that Michael behaved "negligently" or "recklessly." The factual allegations make it plain that the Event was the result of Michael's intentional conduct as defined by the Policy.

Lombardi contends that pleading negligence in the alternative requires Allstate to defend and indemnify Michael. Although Lombardi brought a negligence action against Michael in Count II, the direct cause of Lombardi's injuries was the intentional assault by Michael. By the express terms of the Allstate policy, Michael's potential lack of mental capacity is irrelevant. Lombardi should not be permitted to circumvent the insurance policy because of the negligence claim, which was an "attenuated, albeit potentially proximate cause" of Lombardi's injury. Further, there is no evidence in the record to

6

support the negligence claim. There is no indication that Michael: (1) was prescribed or taking medication before the accident; (2) failed to comply with any counseling recommendations; or (3) was high on alcohol or drugs at the time of the Event.

Accordingly, Allstate is not required to defend or indemnify Michael. The Event did not constitute an "occurrence" within the meaning of the Policy because the factual allegations of Lombardi's complaint indicate that Michael's actions were intentional.

C.

Even if the Event constituted an "occurrence," Allstate would still not be obligated to defend or indemnify Michael because the Exclusionary Clause applies. The Policy contains the following Exclusionary Clause:

> We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:
>
> a) such insured person lacks the mental capacity to govern his or her conduct . . . .

(Dist. Ct. Op. at 6.)

In United Services Automobile Association v. Elitzky, 517 A.2d 982 (Pa. Super. 1986), the Superior Court of Pennsylvania interpreted a similar clause excluding payment for bodily injury or property damage "which is expected or intended by the insured" and concluded that because the terms "expected" and "intended" are susceptible to several reasonable interpretations, such exclusionary clauses are ambiguous as a matter of law

7

and must be construed against the insurer. Id. at 987. As the district court pointed out, "the holding in Elitzky continues to be the law in Pennsylvania. See Aetna Life and Cas. Co. v. Barthelemy, 33 F.3d 189, 191 (3d Cir. 1994)." (Dist. Ct. Op. at 7 n. 6.)

Here, even if we interpret the clause in favor of Michael because the terms "expected" or "intended" are ambiguous as a matter of law, Michael is still precluded from coverage. The only way Michael can argue that his action was not intentional is by claiming that he lacked the mental capacity to form intent. This type of justification is specifically excluded by section (a) of the Policy.

### III.

The Exclusionary Clause is not against public policy. Coverage under an insurance contract may be excluded if it is violative of the public policy of Pennsylvania. Nationwide Mutual Ins. Co. v. Hassinger, 473 A.2d 171, 173 (Pa. Super. 1984). The Pennsylvania Superior Court has held that because a person should not profit from his wrongful acts, it is against the public policy of the state to provide insurance for certain intentional acts. Id. Additionally, an insurer may not enforce overly-subtle or technical interpretations in an unfair attempt to defeat the reasonable coverage expectations of an insured. Hartford Mut. Ins. Co. v. Moorehead, 578 A.2d 492, 495 (Pa. Super. 1990).

Exclusionary clauses such as the one at issue are common among insurance companies, and other courts have not found this provision contrary to public policy. See e.g., Elitzky, 362 A.2d at 367 (interpreting a similar clause without discussing public

8

policy). Indeed, the Policy does not raise the concerns articulated in <u>Hassinger</u> because if a fact-finder determined that Michael's conduct was intentional then he should not be indemnified or defended for the assault.

* * * * *

We have considered the arguments advanced by the parties and conclude that no further discussion is necessary. The district court correctly granted summary judgment for Allstate because the Event did not constitute an "occurrence" within the meaning of the Policy. The factual allegations of Lombardi's complaint describe an intentional assault. Furthermore, even if the Event constituted an "occurrence," Allstate would still not be obligated to defend or indemnify Michael because the Exclusionary Clause applies and is not contrary to public policy. The judgment of the district court will be affirmed.