J-A22022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PENNSYLVANIA INTEGRATED RISK MANAGEMENT ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN HOMANKO, BOROUGH OF NESQUEHONING, SEAN SMITH AND MICHAEL SAUERS, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF CAROLA R. SAUERS | : : : : : | |
| | : | |
| APPEAL OF: MICHAEL SAUERS, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF CAROLA R. SAUERS | : : : : | No. 277 EDA 2019 |

Appeal from the Order Entered December 31, 2018
in the Court of Common Pleas of Carbon County
Civil Division at No(s):  17-2151

BEFORE:   MURRAY, J., STRASSBURGER, J.* and PELLEGRINI, J.*

MEMORANDUM BY STRASSBURGER, J.:         **FILED OCTOBER 15, 2019**

Michael Sauers (Sauers), individually and as administrator of the estate of Carola R. Sauers, appeals from the order entered December 31, 2018, which granted judgment on the pleadings in favor of Pennsylvania Integrated Risk Management Association (PIRMA), concluding PIRMA had no duty to defend or indemnify police officer Steven Homanko in an underlying civil action in which Sauers is the plaintiff and Homanko is a defendant.  We affirm.

The trial court provided the relevant factual and procedural history of this matter.

_____

* Retired Senior Judge assigned to the Superior Court.

In the underlying action, [] Sauers, individually and as the administrator of the Estate of Carola R. Sauers, brought suit against [] Homanko, Sean Smith, and the Borough of Nesquehoning [(the Borough)] [in the United States District Court for the Middle District of Pennsylvania.] That action arises out of a motor vehicle collision wherein [] Homanko, while acting within the scope of his employment as a police officer for the Borough [], was traveling in excess of one hundred (100) miles per hour in pursuit of a vehicle which [] Homanko had observed committing a summary traffic offense. [] Homanko's collision with the Sauers[es'] vehicle resulted in the death of Carola Sauers and multiple personal injuries to [] Sauers. Based upon his actions which resulted in the collision, [] Homanko was charged criminally and subsequently pleaded guilty to homicide by vehicle, recklessly endangering another person [(REAP)], failure to keep right, and careless driving.

Prior to the collision, the Borough [] entered into a "Legal Defense and Claim Payment Agreement" with [PIRMA]. This agreement provide[d] that [PIRMA] [would] defend and indemnify the Borough, including employees acting within the scope of their employment, against any suit seeking damages, unless an act is not covered by the agreement. The agreement explicitly excludes criminal acts, which are defined as injury arising out of any criminal act or violation of a penal statute. This exclusion does not apply until it has been judicially determined that the employee did commit such criminal act or violation.

Trial Court Opinion, 3/27/2019, at 2-3 (capitalization altered, citations omitted).

On September 21, 2017, PIRMA filed the instant action against, *inter alia*, Sauers, asserting it was entitled to declaratory judgment pursuant to 42 Pa.C.S. §§ 7531-41 (Declaratory Judgments Act). According to PIRMA, the claims set forth in the underlying action are not covered under the agreement between PIRMA and the Borough. Thus, PIRMA requested a declaration that it owed no duty to defend or indemnify Homanko in the underlying action.

- 2 -

After the close of pleadings, on January 8, 2018, PIRMA filed a motion for judgment on the pleadings. Argument was held on April 26, 2018, and on December 31, 2018, the trial court granted judgment on the pleadings in favor of PIRMA and against Sauers. Sauers timely filed a notice of appeal, and both Sauers and the trial court complied with Pa.R.A.P. 1925.

On appeal, Sauers sets forth three issues for our review.

1. Did the trial court commit reversible error when it found that the subject insurance policy does not violate the public policy set forth in the Pennsylvania Motor Vehicle Financial Responsibility Law where [its] decision permits a denial of coverage in any motor vehicle accident by the insurer for the at fault driver if that driver is found guilty of any criminal act?

2. Did the trial court commit reversible error when it found that the subject insurance policy's blanket "criminal acts" exclusion is not overly broad even though any criminal act, no matter how minor, triggers the exclusion?

3. Did the trial court commit reversible error when it found that the subject insurance policy is not internally inconsistent, and therefore ambiguous and illusory, since it provides coverage for conduct which constitutes criminal acts and then excludes coverage for criminal acts upon conviction?

Sauers's Brief at 4 (capitalization altered).

"Our scope and standard of review of the granting of a motion for judgment on the pleadings is well-settled." *Rubin v. CBS Broad. Inc.*, 170 A.3d 560, 564 (Pa. Super. 2017).

Our scope of review on an appeal from the grant of judgment on the pleadings is plenary. Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A

- 3 -

motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. On appeal, we accept as true all well-pleaded allegations in the complaint.

On appeal, our task is to determine whether the trial court's ruling was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly be tried before a jury or by a judge sitting without a jury.

Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. It may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only when the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

*Id*. (internal citations omitted).

Following a review of the record and the briefs for the parties, we conclude that the opinion of the Honorable Steven R. Serfass thoroughly addresses Sauers's issues. Specifically, we adopt the portions of the trial court opinion setting forth the rule of law regarding contract interpretation, **see** Trial Court Opinion, 3/27/2019, at 6-7, and the three issues set forth by Sauers, **see id**. at 9-11 (concluding that the agreement was neither overly broad nor internally inconsistent such that it renders the insurance policy illusory), and **id**. at 13-15 (concluding that the agreement does not violate either public policy or the Motor Vehicle Financial Responsibility Law). We discern no error of law on those issues. Nor do we conclude that there are facts disclosed by

the pleadings which should be tried by a judge or jury. Therefore, we adopt the aforementioned portions of the trial court's opinion of March 27, 2019, as our own, and affirm the order of the trial court.[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/19

---

[1] The parties shall attach a copy of the trial court's March 27, 2019 opinion to this memorandum in the event of further proceedings.

IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA
CIVIL DIVISION

PENNSYLVANIA INTEGRATED RISK : 
MANAGEMENT ASSOCIATION, : 
       : 
      Plaintiff : 
       : 
      v. :   No. 17-2151
       : 
STEVEN HOMANKO, BOROUGH OF : 
NESQUEHONING, SEAN SMITH, and : 
MICHAEL SAUERS, Individually : 
and as the Administrator of : 
the ESTATE OF CAROLA R. : 
SAUERS, : 
       : 
      Defendants : 

Brian J. Madden, Esquire      Counsel for Plaintiff

Donald G. Karpowich, Esquire      Counsel for Steven Homanko

Michael B. Kaspszyk, Esquire      Counsel for Michael Sauers, Individually and as the Administrator of the Estate of Carola R. Sauers

**MEMORANDUM OPINION**

Serfass, J. - March 27, 2019

Steven Homanko (hereinafter "Homanko") and Michael Sauers (hereinafter "Sauers") have taken this appeal from our order of December 31, 2018, granting Pennsylvania Integrated Risk Management Association (hereinafter "Plaintiff") a Declaration that it has no duty to defend or indemnify Homanko in the underlying matter of <u>Michael Sauers & the Estate of Carola R. Sauers v. Steven Homanko</u>, <u>et al.</u>, United States District Court for

FS-6-19

1

the Middle District of Pennsylvania; Docket No. 3:16-CV-00811. We file the following memorandum opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) and recommend that the aforesaid order be affirmed for the reasons set forth hereinafter.

## FACTUAL AND PROCEDURAL HISTORY

On September 21, 2017, Plaintiff, Pennsylvania Integrated Risk Management Association, filed a complaint against Defendants, Steven Homanko, the Borough of Nesquehoning, Nesquehoning Chief of Police Sean Smith, and Michael Sauers, individually and as the administrator of the Estate of Carola R. Sauers, seeking a declaratory judgment that Plaintiff need not defend or indemnify Officer Homanko in the underlying action before the United States District Court for the Middle District of Pennsylvania.

In the underlying action, Michael Sauers, individually and as the administrator of the Estate of Carola R. Sauers, brought suit against Steven Homanko, Sean Smith, and the Borough of Nesquehoning. That action arises out of a motor vehicle collision wherein Officer Homanko, while acting within the scope of his employment as a police officer for the Borough of Nesquehoning, was traveling in excess of one hundred (100) miles per hour in pursuit of a vehicle which Officer Homanko had observed committing a summary traffic offense. Officer Homanko's collision with the Sauers vehicle resulted in the death of Carola Sauers and multiple personal injuries to Michael Sauers. Based upon his actions which

FS-6-19

2

resulted in the collision, Officer Homanko was charged criminally and subsequently pleaded guilty to Homicide by Vehicle, 75 Pa. C.S.A. § 3732, Recklessly Endangering Another Person, 18 Pa. C.S.A. § 2705, Failure to Keep Right, 75 Pa. C.S.A. § 3301, and Careless Driving, 75 Pa. C.S.A. § 3714.

Prior to the collision, the Borough of Nesquehoning entered into a "Legal Defense and Claim Payment Agreement" with Plaintiff. This agreement provides that Plaintiff will defend and indemnify the Borough, including employees acting within the scope of their employment, against any suit seeking damages, unless an act is not covered by the agreement. The agreement explicitly excludes criminal acts, which are defined as injury arising out of any criminal act or violation of a penal statute. This exclusion does not apply until it has been judicially determined that the employee did commit such criminal act or violation.

On January 8, 2018, Plaintiff filed a motion for judgment on the pleadings arguing that Plaintiff has no duty to defend or indemnify Homanko under the agreement because Pennsylvania courts have consistently upheld criminal act exclusion clauses, the criminal acts need not be intentional for the exclusion to apply, and it would be against well-established public policy to require Plaintiff to defend Homanko for what has been deemed criminal conduct.

On February 12, 2018, counsel for Defendants Sauers and Homanko filed briefs in response to Plaintiff's motion. Mr. Sauers argued that Officer Homanko did not intentionally commit the criminal acts, that the criminal acts exclusion is overly broad such that it renders the agreement illusory, that the agreement is ambiguous because the term "criminal acts" is not specifically defined, and that the exclusion is against public policy. Officer Homanko argued that the underlying litigation complaint sounds in negligence and that the language "judicial determination" is ambiguous. On March 19, 2018, Plaintiff filed replies to Defendants' briefs. Thereafter, this Court heard argument on Plaintiff's motion for judgment on the pleadings.

On December 31, 2018, this court granted Plaintiff's motion for judgment on the pleadings and entered a judgment that Plaintiff has no duty to defend or indemnify Homanko in the underlying litigation before the United States District Court for the Middle District of Pennsylvania.

On January 21, 2019, Sauers filed a notice of appeal to the Superior Court. On January 22, 2019, this Court entered an order directing Sauers to file of record, within twenty-one (21) days, a concise statement of the matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On January 28, 2019, Homanko also filed a notice of appeal to the Superior Court. That same date, this Court entered an order directing

FS-6-19

Homanko to file of record, within twenty-one (21) days, a concise statement of the matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Sauers and Homanko each filed a concise statement in accordance with our orders on February 4, 2019, and February 14, 2019, respectively.

## DISCUSSION

Sauers' concise statement is general as he avers that the basis for our decision cannot be readily discerned. Sauers appears to raise the following issues for review: (1) whether criminal acts must be intentional to be excluded under the insurance policy; (2) whether the criminal acts exclusion is ambiguous and overly broad such that it renders the insurance policy illusory; (3) whether the criminal acts exclusion is contrary to public policy; and (4) whether the criminal acts exclusion is a violation of the Pennsylvania Motor Vehicle Financial Responsibility Law.

Homanko raises the following issues for review: (1) whether the phrase "judicially determined" is sufficiently clear on its face without explicit definition in the contract; and (2) whether the underlying negligence complaint triggers the criminal acts exclusion in the contract. We will address each issue below.

First, we note the standard upon which this Court decided Plaintiff's motion. Defendants challenge this Court's order granting a motion for judgment on the pleadings. A motion for judgment on the pleadings is proper where the pleadings evidence

that there are no material facts in dispute such that a trial would be unnecessary. Pennsylvania Financial Responsibility Assigned Claims Plan v. English, 664 A.2d 84, 86 (Pa. 1995). In reviewing such a motion, the trial court looks only to the pleadings and any documents properly attached thereto. *Id.*

> The task of interpreting a contract is generally performed by a court rather than by a jury. The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument. Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language.

Standard Venetian Blind Co. v. American Empire Insurance Co., 469 A.2d 563, 566 (Pa. 1983) (internal citations omitted). "When an insurer seeks to deny coverage based upon an exclusion in the policy, it is the insurer's burden to demonstrate that the exclusion applies." Allstate Ins. Co. v. Brown, 834 F. Supp. 854, 857 (E.D. Pa. 1993). "The burden is on the *insured*, not the *insurer*, to introduce evidence to show that the exclusion which appears to be triggered does not apply after all." Air Prod. & Chemicals, Inc. v. Hartford Acc. & Indem. Co., 25 F.3d 177, 180 (3d Cir. 1994). In determining whether an insurer has a duty to defend, the complaint claiming damages must be compared to the policy and a determination made as to whether the insurer would be

required to pay the resulting judgment if the allegations are sustained. Gene's Restaurant, Inc. v. Nationwide Insurance Co., 548 A.2d 246, 246 (Pa. 1988). The particular cause of action that a complainant pleads against an insured is not determinative of whether the insurer's duties to defend and to indemnify have been triggered, but rather it is necessary to look at the factual allegations contained in the complaint. Mutual Benefit Insurance Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999).

This Court found that Plaintiff demonstrated that the exclusion applies and that Plaintiff has no duty to defend Homanko in the underlying litigation. Having failed the more lenient duty-to-defend test, Defendants cannot prove Plaintiff has a duty to indemnify Officer Homanko. See Erie Insurance Exchange v. Claypoole, 158, 673 A.2d 348, 356 n.3 (Pa.Super. 1996) ("As the duty to defend is broader than the duty to indemnify, [plaintiff] could not be required to indemnify [defendant] without also being obligated to defend him.").

Further, after Plaintiff demonstrated that the criminal acts exclusion contained in the insurance policy applies to Homanko, the burden shifted to Defendants to introduce evidence to show that the exclusion which appears to be triggered does not apply after all. This Court found that Defendants failed to prove that the exclusion is inapplicable. The commission of the criminal acts to which Homanko pleaded guilty precludes coverage under the

FS-6-19

7

criminal acts exclusion of the policy regardless of whether he acted negligently or intentionally. Moreover, there is no dispute as to any material fact regarding whether Officer Homanko's acts were negligent or intentional because that fact is immaterial based on the terms of the exclusion itself. Thus, we were constrained to grant the Plaintiff's motion and find that Plaintiff has no duty to defend or indemnify Homanko in the underlying litigation now pending in federal court.

I.     **The insurance policy does not require that criminal acts be intentional to be excluded from coverage**

Sauers argues that criminal acts committed by Homanko must be intentional to be excluded from coverage under the insurance policy. The insurance policy specifically provides that criminal acts will be excluded from coverage and defines criminal acts as follows:

> D. CRIMINAL ACTS meaning *injury* arising out of any criminal act or violation of a penal statute or ordinance committed by the *member* or with the *member's* consent or knowledge. The exclusion shall not apply until it has been judicially determined that the *member* did commit such criminal act or violation.

There is no indication within the language of the policy that the criminal acts must be intentional. The language "criminal act" is sufficiently clear on its face. *See* Nationwide Property & Casualty Insurance Co. v. Schlick, No. 1909 WDA 2013, 2014 WL 10750738, at

\*4 (Pa.Super. Dec. 18, 2014) ("[W]e discern no support in the language of the exclusion or the Policy for Appellant's contention that an 'act ... which is criminal in nature' should be limited to acts intending to cause harm. The phrase 'an act ... which is criminal in nature' is sufficiently clear on its face."). Further, Pennsylvania courts have upheld criminal acts exclusions without "intentional", "purposeful", or "willful" requirements. *See* Allstate Ins. Co. v. Williams, No. CIV.A. 13-3048, 2014 WL 4682022 (E.D. Pa. Sept. 22, 2014).

In this case, Homanko pleaded guilty to the criminal offenses of Homicide by Vehicle 75 Pa. C.S.A. § 3732, Recklessly Endangering Another Person 18 Pa. C.S.A. § 2705, Failure to Keep Right 75 Pa. C.S.A. § 3301, and Careless Driving 75 Pa. C.S.A. § 3714. His criminal actions resulted in the death of Mrs. Sauers and the injuries sustained by Mr. Sauers. "Tautological as it sounds, acts that violate the Commonwealth's Criminal Code are by definition criminal acts." *Id.* at \*4 (internal citations omitted).

Therefore, criminal acts need not be intentional to be excluded from coverage under the insurance policy.

II. **The criminal acts exclusion is not overly broad or ambiguous**

Next, Sauers argues that the criminal acts exclusion is overly broad and ambiguous such that it renders the insurance policy illusory. We disagree.

Sauers' argument that "criminal acts" is not defined within the definition section of the insurance policy is without merit as the policy clearly and conspicuously defines "criminal acts" as provided above.

Sauers argues that the criminal acts exclusion is overly broad such that any criminal conduct, no matter how minor, would trigger the exclusion. In support of his position, Sauers cites Board of Public Education v. National Union Fire Insurance Co. of Pittsburgh, 709 A.2d 910 (Pa.Super. 1998), where the Superior Court found that a criminal acts exclusion was overly broad. However, Sauers fails to note that the insurance company in that case was seeking to exclude coverage not for the criminal actor, who was a volunteer not covered by the insurance policy, but for the school district and supervising employees. That is not the case here. Plaintiff does not dispute its duty to defend and indemnify the Borough of Nesquehoning and Chief Sean Smith. Plaintiff only seeks to exclude the employee who committed the criminal act which resulted in the injuries to Mr. and Mrs. Sauers as provided in the agreement. Further, the language of the criminal acts exclusion in this case is far less broad. Compare *id.* at 912 ("This policy does not apply . . . to any claim involving allegations of . . . criminal acts").

Sauers also argues that the policy covers injuries for acts that are criminal in nature while also excluding coverage for those same criminal acts resulting in an internally inconsistent and illusory policy. The policy defines "injury" as follows:

> *Injury* means:
> A.    harm, including sickness or disease, to the physical health of any person, including resulting death;
> B.    harm arising out of libel, slander, defamation of character, mental injury, anguish, shock or humiliation, including sexual abuse, harassment, molestation, corporal punishment or an invasion of an individual's right of privacy or control over their physical or mental properties.
> C.    harm arising out of assault and battery, improper detention, false arrest, false imprisonment, malicious prosecution, false or improper service of process;
> D.    harm arising out of wrongful entry, eviction or other invasion of the right of privacy or public occupancy;
> E.    violation of rights as protected by civil rights statutes;
> F.    unauthorized use of any advertising idea, material slogan, style, or title of others in *your* advertising; or
> G.    *property damage*.

While "injury" does include coverage for numerous acts which are criminal in nature, the "criminal acts" exclusion only applies when an insured has been convicted of a crime and that crime resulted in the injury for which a third party is seeking damages. Thus, coverage would not be excluded if there were merely an allegation of one of the crimes listed under the injury definition, if an insured had been found not guilty, or if the crime was unrelated to the injury.

Finally, Homanko argues that the phrase "judicially determined" within the "criminal acts" definition is not defined and, thus, makes it unclear whether the exclusion includes guilty pleas or just guilty verdicts. Under Pennsylvania law, a conviction from a guilty plea is equivalent to a conviction from a trial-by-jury because a guilty plea constitutes an admission to all facts alleged in the indictment. M.B. ex rel. T.B. v. City of Philadelphia, 128 F. App'x 217, 225-26 (3d Cir. 2005) (citing Commonwealth, Department of Transportation v. Mitchell, 535 A.2d 581, 585 (Pa. 1987)). Thus, the language "judicially determined" is sufficiently clear on its face and includes both guilty pleas and guilty verdicts.

The criminal acts exclusion is neither overly broad nor ambiguous. It is not overly broad because it limits the exclusion to only those instances where the criminal act results in the injury for which the actor has been sued. Additionally, the plain meaning of the language "until it has been judicially determined that the *member* did commit such criminal act or violation" is that the actor must have been convicted of that criminal act in a court of law, which further limits the scope of the exclusion. As stated above, a plea of guilty and a verdict of guilty are both judicial determinations that a person has committed a crime. When read as a whole, the insurance policy is consistent, unambiguous, and neither illusory nor overly broad.

FS-6-19

12

III. Criminal acts exclusions are in accordance with public policy

Sauers also argues that the criminal acts exclusion in this insurance policy violates Pennsylvania public policy. We disagree. Criminal acts exclusions seek to prevent an insurer from defending a person for what has already been deemed criminal conduct in violation of Pennsylvania public policy. See Federal Insurance Co. v. Potamkin, 961 F. Supp. 109, 113 (E.D. Pa. 1997); Germantown Insurance Company v. Martin, 595 A.2d 1172, 1175 (Pa.Super. 1991) ("The courts of Pennsylvania have refused to require an insurer to defend an insured for his own intentional torts and/or criminal acts."). Thus, it would be against Pennsylvania public policy to require Plaintiff to defend Homanko for what has already been deemed criminal conduct by virtue of his guilty plea.

IV. The criminal acts exclusion is not in violation of the Pennsylvania Motor Vehicle Financial Responsibility Law

Finally, Sauers argues that the criminal acts exclusion violates the Motor Vehicle Financial Responsibility Law ("MVFRL"). 75 Pa. C.S.A. § 1701 et seq.

Under the MVFRL, the vehicle's owner is responsible for maintaining financial responsibility for the vehicle. 75 Pa. C.S.A. § 1786. "It is the *vehicle* that is covered by the automobile policy, while an individual is covered only by nature of his function as the driver of that vehicle." Lebanon Coach Co. v.

FS-6-19

13

Carolina Cas. Ins. Co., 675 A.2d 279, 284 (Pa.Super. 1996). The MVFRL does not provide that an insurer must defend and indemnify a driver even if that driver commits a crime while driving. An insurer's duty to defend is a distinct obligation, different from and broader than its duty to provide coverage. Id. at 286. Indeed, the MVFRL itself excludes benefits for any insured who is injured during the commission of a felony. 75 Pa. C.S.A. § 1718(a)(2).

Sauers argues that the criminal acts exclusion violates public policy and the purpose of the MVFRL as stated in Donegal Mutual Insurance Company v. Long,

> The purpose of the Motor Vehicle Responsibility Law is to require owners of registered vehicles to be financially responsible. . . . Victims of accidents with rental vehicles might [as a result of the coverage exclusion] find themselves without recourse to compensation for their injuries, or perhaps only to the extent of their own uninsured motorist coverage, absent the fortuity that the driver of the rental vehicle is covered by other insurance or possesses sufficient assets for compensation. The public policy enunciated by the Motor Vehicle Financial Responsibility Law, pursuant to its 1985 provisions, is to foster financial responsibility for damages caused to individuals on the roadways, not to promote uninsurance.

564 A.2d 937, 943-44 (Pa.Super. 1989).

Here, there is no risk that the subject insurance agreement will leave an injured third party without recourse. The insured is the Borough of Nesquehoning, and it maintains financial responsibility for its vehicles through the subject insurance policy in compliance with the MVFRL. Nesquehoning itself cannot be

excluded from coverage under the criminal acts exclusion as a municipality cannot be convicted of a crime.

Therefore, the criminal acts exclusion does not violate the purpose or the text of the MVFRL.

v. **Though the underlying complaint lies in negligence, it has been judicially determined that Homanko's actions were criminal acts as defined in the insurance policy contract**

Homanko argues that, because the underlying action sounds in negligence, the criminal acts exclusion would not trigger.

However, as stated above, the particular cause of action that a complainant pleads against an insured is not determinative of whether the insurer's duties to defend and to indemnify have been triggered, but rather it is necessary to look at the factual allegations contained in the complaint. Mutual Benefit Insurance Co. v. Haver, 725 A.2d at 745. The complaint provides that Homanko pleaded guilty to the criminal offenses of Homicide by Vehicle 75 Pa. C.S.A. § 3732, Recklessly Endangering Another Person 18 Pa. C.S.A. § 2705, Failure to Keep Right 75 Pa. C.S.A. § 3301, and Careless Driving 75 Pa. C.S.A. § 3714. Those criminal actions resulted in the injury to Mr. and Mrs. Sauers, including the death of Mrs. Sauers, for which the underlying complaint was brought. Therefore, the criminal acts exclusion as provided in the insurance policy applies, and Plaintiff need not defend or indemnify Homanko

in the action before the United States District Court for the Middle District of Pennsylvania.

## CONCLUSION

For the reasons set forth hereinabove, we respectfully recommend that the instant appeal be denied and that our order of December 31, 2018, be affirmed accordingly.

BY THE COURT:

_____

**Steven R. Serfass, J.**